J. N. CASADY, JR., v. MANCHESTER FIRE INSURANCE COMPANY, Appellant.

**Agency:** RATIFICATION OF UNAUTHORIZED ACT. Where an agent without authority received money from a son in payment of his father's indebtedness to the principal, under an agreement that he should succeed his father in the employ of principal, the principal on learning the condition on which payment was made is not entitled to retain the money without performing the condition.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, OCTOBER 25, 1899.

ACTION for money had and received.   Judgment on verdict for plaintiff, and defendant appeals.—*Affirmed.*

*W. H. Ware* for appellant.

*C. G. Saunders* and *D. E. Stuart* for appellee.

LADD, J.—At the time of his disappearance, J. M. Casady was the defendant's agent at Council Bluffs, and indebted to it in the sum of one hundred and twenty-one

dollars and sixty cents. In pursuance of a telegram instruct-ing him to "kindly investigate and report fully immedi-ately," H. E. Palmer called on the plaintiff, who had been employed in some capacity in his father's office, and, adjust-ing the accounts, received a certified check for the above sum, and forwarded it to the company. The plaintiff also wrote to it of the payment of this debt, saying: "Inasmuch as I have protected my father's interest and yours, can't you turn the company over to me? Mr. Palmer has written you, also. My understanding was with him to that effect." This was received by the company the day before the check and letter from Palmer. The defendant accepted the check, but refused to make plaintiff its agent, appointing another. While the evidence was conflicting, the verdict found that the plaintiff was not personally liable to the company, and that the check was paid on consideration of an agreement by Palmer that plaintiff should be appointed its agent, as successor to his father. It may be conceded that Palmer did not have authority to make such a contract. Neither was he empowered by the telegram to adjust the father's accounts and receive the plaintiff's check in settlement. But he did so, and the company approved his course by retaining the money. It cannot be permitted to ratify a part of this transaction without being held to have confirmed the whole. It could not retain the money without approving the method resorted to by its agent, Palmer, in procuring it. *Eadie v. Ashbaugh,* 44 Iowa, 520. The plaintiff's letter might be construed as advising the defendant of the understanding with reference to the agency, but, as procuring the check was not within the scope of Palmer's authority, it devolved upon the company, before accepting it, by inquiry to ascertain upon what terms and conditions it was taken. These were learned shortly afterwards, and then, at least, it was bound to either return the check, or to carry out Palmer's contract, purporting to have been made in its behalf. Having refused to ratify the making of the contract by Palmer for plaintiff's appointment as agent to succeed his

father, the consideration failed, and the plaintiff became entitled to recover for money had and received. The law is so well settled on this subject that citation of authority seems unnecessary.—Affirmed.