M. S. FLEISHMAN & Co., Appellants, v. M. VER DOES AND LENA VER DOES.

**Settlement of Claim by Agent:** AUTHORITY: *Ratification.* Where an indebtedness was settled and receipted for in full by plaintiff's agent on acceptance of a note for a lesser amount and a mortgage securing the same, which notes and mortgage were turned over to plaintiff, who kept the same, and never tendered their return, though advised by defendant's answer, filed within three months thereafter, of the cancellation of the indebtedness, and their procurement by means thereof, no recovery could be had for the balance of such indebtedness nine months thereafter, though such cancellation was without authority, since the acts constituted a ratification.

**Special Interrogatories:** It was not error to refuse to submit a special interrogatory to the jury concerning the authority of an agent, when the act of the agent sought to be repudiated had been ratified.

**SAME.** Where defendant claimed that an understanding she was to pay a balance on an account was made after settlement, and without consideration, and plaintiff claimed it was made before settlement, it was not error to refuse to submit an interrogatory so framed that the answer would not have indicated

whether such understanding was before or after settlement, since such answer would not have found an ultimate fact, determinative of the case.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

· THURSDAY, MAY 10, 1900.

ACTION for balance due on account. Defense, settlement. Judgment for defendants. The plaintiffs appeal.— *Affirmed.*

*Hatley & Irwin* for appellants.

*P. D. Van Oosterhout* and *J. E. Orr* for appellees.

LADD, J.—The original indebtedness of one thousand two hundred and fifty-seven dollars and ninety-three cents is not disputed, and the evidence without conflict shows the execution of the ten notes of forty-five dollars each, secured by a mortgage covering the defendants' homestead, and that, by agreement with plaintiffs' agent, there was indorsed on their itemized account: "Received $450 in full settlement of above account. Feb. 15, 1897. M. S. Fleishman & Co." The issue as to whether, as a part of this agreement, the defendants were to pay the balance of the account, notwithstanding this receipt, was disposed of by the verdict. But the plaintiffs contend that their agents had no authority to settle for less than the amount due. Conceding this to be true, yet the acts of the agents have been fully ratified. The defendants' answer, filed within three months after the alleged settlement, advised the firm of the terms under which the notes and security had been received, and, though the authority of the agents to take them in full payment is denied in the reply, these were never offered to be, or in fact, returned. The principal may not repudiate the agent's authority, and at the same time retain the benefits derived from its exercise. By

keeping the notes and mortgage nine months after being advised of the method of their procurement, and not tendering their return, though defense in the action was based on the alleged cancellation of the indebtedness, the plaintiffs approved of what had been done in acquiring them. *Construction Co. v. Maiken,* 103 Iowa, 118, and cases cited. See *Casady v. Insurance Co.,* 109 Iowa, 539.

As taking the security in full satisfaction of the debt, if this was done, was ratified, it is unnecessary to inquire into the correctness of the instructions given. Nor was there error in refusing to submit a special interrogatory concerning the authority of the agents, as that was put beyond dispute by the retention, with knowledge, of the fruits of the agency. The other interrogatory was not sufficiently definite, and a response by the jury would have been of no advantage.

The defendant admitted an understanding that she was to pay the remainder of the account at some future time, but claimed it was had after settlement was completed, and without consideration. The plaintiffs insisted it was before. The question was so framed that the answer would not have indicated whether before or after, and hence, if made, would not have found an ultimate fact determinative of the case.—AFFIRMED.