LENO BRIER, Appellee, v. THOMAS DAVIS, Appellant.

Fraud: EVIDENCE. In an action for alleged false representations
1    as to the boundaries of land, the substance of letters written
by defendant may be shown by parol, on proof of their loss.

Special Interrogatories. In an action for false representations,
2    refusal to submit special interrogatories calling for findings on
several distinct propositions, or which seek to itemize the
damage where the recovery can only be had for the misrepre-
sentations as a whole, is not error.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER,
Judge.

THURSDAY, OCTOBER 22, 1903.

ACTION at law for damages on account of fraud and
misrepresentation in the sale of certain mill property.
Verdict and judgment for plaintiff, and defendant ap-
peals. —*Affirmed.*

*Chas. W. Kepler* for appellant.

*Farber & Johnson* and *Hubbard, Dawley & Wheeler*
for appellee.

WEAVER, J.—Thomas Davis, of Central City, Iowa,
was the owner of a mill in that town. His cousin Thomas
F. Davis, of Mt. Vernon, Iowa, holding a mortgage on the
property, or some part of it, foreclosed the same, and ob-
tained a sheriff's deed. Between the date of the sheriff's
sale and the delivery of the deed, William Brier, father
of plaintiff, desiring to purchase a mill for his son, applied
to Thomas Davis, who, it is claimed, pointed out to Brier
the boundaries of the property, including the mill and
dam, and lands bordering the river on either side. The

parties were not able to agree on the terms, and Brier re-turned to his home. Later, and apparently after the sheriff's deed had been delivered, Brier heard that Thomas F. Davis was the owner of the property, and upon application to him a sale and conveyance were effected for the sum of $3,000. It is the claim of plaintiff that, on being applied to for the purchase of the property, Thomas F. Davis stated and represented, in substance, that he owned, and would sell and convey for the price mentioned, all the premises included in boundaries pointed out by his cousin Thomas Davis, and that plaintiff and his father, not being acquainted with the descriptions made use of in the deed, accepted the conveyance in the belief that it embraced the entire mill property, as designated by the said Thomas Davis. It is further charged that the deed, as made and delivered by Thomas F. Davis, does not in-clude or convey the milldam or water power upon which the operation of the mill depends, and does not convey other lands pointed out by Davis, whereby the property conveyed is rendered practically worthless. Other mis-representations are charged, but the controversy turns chiefly upon the one to which we have referred.

I. Error is assigned upon the ruling of the trial court in admitting testimony as to the contents of certain letters written by the defendant. Standing alone, some of the rulings in this respect may fairly be held objectionable; but the matters thus developed, in the main, seem to have been admitted at another stage of the trial without objec-tion. Other rulings in relation to the letters were correct. These letters were received in the family of which plaintiff was a member, and were read by some of them, and listened to and discussed by all; and, upon proof of the loss of the writing, we see no reason why the witnesses were not competent to state the substance of the communications.

Numerous other objections are raised to the testimony offered by the plaintiff, but it is impracticable to discuss

them in detail. Of many of these objections it may be said
they are not sufficiently specific to raise the questions argued
in this court. According to some authorities the sweeping
assertion that testimony is "incompetent and immaterial,"
or "irrelevant, incompetent and immaterial" does not
apprise the court of the precise point upon which counsel
relies, and error cannot be predicated upon the refusal of
the court to entertain it. Jones on Evidence, 897. Waiving
the point, however, we have examined the record upon
the admission of evidence, and find no error in the rulings.

II.  The defendant asked the court to submit special
interrogatories to the jury as follows: "(1) If you find
that defendant sold to plaintiff more land than described
in his deed, state the description of the land, and also its
value.  (2) If you find that plaintiff is entitled to recover
anything against the defendant, then state in answer to
this interrogatory the amount you find: First. What
amount on claim for defective roof? Second. What
amount on claim for damage because the mill could not
earn as much per day as represented by the defendant?
Third.  How much do you find for insufficient water
power?" These requests were refused, and the ruling is,
in our judgment, correct. Both interrogatories are com-
pound, calling for findings on several distinct propositions,
and thereby tend to confuse the jury. Neither do they
call for the ultimate facts upon which plaintiff's right of
recovery depends. No claim is made that defendant sold
more land than he conveyed, but that he pointed out or
designated lands which the conveyance does not include.
The damages claimed by plaintiff cannot be apportioned
or itemized, and, if he is entitled to recover, it is for the
damages resulting from the defendant's misrepresentations
as a whole, and not for the aggregate of distinct and inde-
pendent items on account of various misrepresentations
considered severally. Appellant also asked eleven differ-
ent instructions, which were refused. Some of these in-

structions stated correct and pertinent propositions of law but the charge given by the court appears to cover the same ground. The several paragraphs of the charge, taken together, contain a sufficient and correct statement of the law of the case.

III. The legal propositions advanced by counsel on either side are mostly of an elementary character, and we have, therefore, not entered upon any discussion of them. The controversy is essentially one of fact, and the only serious question is whether the alleged misrepresentations have been sufficiently sustained by the testimony. In our judgment, however, there is not such a lack of support for the verdict as will permit us to interfere.

We find no reversible error, and the judgment of the district court is AFFIRMED.