Thomas F. Jones v. Shelby County, Appellant.

**Evidence:** IMPROPER QUESTION. It is immaterial that a question is improper, where the answer contains a proper statement with reference to the point at issue.

**Direction of verdict:** It is not error to refuse to direct a verdict, 2 because of the want of a necessary allegation in the petition, where leave to amend was granted and the proper allegation made.

**Bridges:** CONTRIBUTORY NEGLIGENCE. Under the evidence it could not 3 be said as a matter of law that plaintiff was guilty of contributory negligence in crossing a highway bridge.

**Highways:** CONTRIBUTORY NEGLIGENCE. The case was properly sub- 4 mitted to the jury on the question of the plaintiff's contributory negligence in not taking another way.

**Compound interrogatories.** A special interrogatory, which is in 5 effect a compound question but calls for a single answer, may· properly be refused.

**Contributory negligence.** One going upon a bridge, believing it dan- 6 gerous, is not guilty of negligence unless under all the circumstances a reasonably prudent man would not have done so.

**Special interrogatories:** REASONABLE CARE. A special interrogatory ·7 respecting an exercise of reasonable care should limit the jury to a time prior to the accident.

*Appeal from Harrison District Court.*— HON. W. R. GREEN, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION to recover damages for injuries received by reason of a defective bridge, which the board of supervisors of defendant county had negligently failed to keep in repair. Verdict and judgment for plaintiff for the sum of $4,000. Defendant appeals.—*Affirmed.*

*W. B. Rowland,* County Attorney; *Cullison & Robinson, Thos. H. Smith,* and *D. O. Stuart,* for appellant.

*M. B. Bailey* and *Cochran & Eagen,* for appellee.

McCLAIN, J.— Error is assigned as to the overruling of an objection to a question asked of plaintiff as a witness with

1. IMPROPER QUESTION.

reference to the value of his time, for the purpose of proving how much damage he was entitled to recover for loss of time occasioned by the injury.

Possibly the question was not just such an one as should have been asked, but there could have been no possible prejudice from the ruling, as the answer contained a proper statement with reference to the point in issue.

Complaint is made of the overruling of a motion to direct a verdict for the defendant. It is conceded for appellee that the motion, which was based on the failure to 2. DIRECTION    allege notice to the county of the claim, was OF VERDICT.    well taken when made. But leave was then asked to amend the petition so as to make a proper averment as to the giving of notice, and leave was granted. There was, therefore, no error in overruling the motion on this ground.

The other grounds of the motion related to the sufficiency of the evidence, and, without discussing the evidence in detail, it is sufficient to state our conclusion that the 3. BRIDGES:    plaintiff had made out a case such as to entitle contributory negligence.    him to go to the jury. Perhaps on one or two questions, however, involving the sufficiency of the evidence, some further explanation should be made. The principal contention on the part of the defendant was that there was a notice posted on the bridge advising the public that it was unsafe, and that plaintiff, in the exercise of reasonable care, must have seen this notice, and was, therefore, guilty of contributory negligence. But the evidence tended to show that the bridge had some time before the time of the accident been found to be unsafe, and had been barricaded by order of the supervisors; that subsequently it had been to some extent repaired; and the barricades removed, so that the bridge was thrown open to public travel, and was in constant use, but that nevertheless the board of supervisors had caused a notice to be posted somewhere about the bridge that it was unsafe for travel. Under these circumstances it seems to us that it was not conclusively established that it was negligence for the plaintiff to use the bridge. He may well have thought that the occasion for the notice was past, and that

the bridge was held out to the public as safe by reason of the repairs and the removal of the barricades. It appears also that plaintiff had been personally advised by the road supervisor who had been employed by the board of supervisors to repair the bridge that it had been repaired, and was safe.

It is further contended that the evidence showed without question another way known to plaintiff, by which, without inconvenience, he could have avoided the use of the bridge; but the evidence shows that, to avoid the use of the bridge by traveling on the public highway, it was necessary for him to go a mile further in reaching his destination, and, while there was some travel by a nearer way around the bridge through a private field, we do not think that it was incumbent upon plaintiff to commit a trespass in order to avoid the use of a bridge that apparently was open to public travel. At any rate, there was enough in the evidence to carry the case to the jury on the question whether plaintiff was guilty of contributory negligence in not taking another way, and on that point the jury were fully and fairly instructed.

*4. HIGHWAYS: contributory negligence.*

Error is assigned as to the refusal of the court to give certain special interrogatories. The first of these asked a finding as to whether plaintiff, at the time he drove upon the bridge in question, knew, or had reason to know, that it was defective and unsafe. This is, in effect, a compound question. He may have had reason to know without knowing, and the interrogatory could not have been fully answered without a compound response; yet it called for but one answer — either "Yes" or "No." The second interrogatory, asking for a finding as to whether plaintiff, at the time he drove upon the bridge in question, believed, or should have believed as a reasonably prudent man, that it was imprudent or dangerous to go upon or across it with his team and load of wood, is open to the same objection as to the first, and it is open to the further objection

*5. COMPOUND INTERROGATORIES.*

that, even if plaintiff believed it was dangerous to go upon the
bridge, he would not be guilty of contributory
negligence, unless, under the circumstances,
had they been fully known to him, a reasonably . prudent
person would not have gone upon the . bridge.   The third
interrogatory called for a finding as to whether plaintiff saw,
or could have seen by the exercise of reasonable care, the
notice of the unsafe condition of the bridge posted on the
same after it was repaired.   This interrogatory also called
for a single answer to a compound question, and was on that
ground objectionable.   It was further objectionable because,
as already indicated, he might have seen the notice, without
being charged with contributory negligence, in view of other
facts, such as that the bridge had been repaired, the barri-
cades taken down, and the road supervisor who had
put it in repair for the county had advised him that it was
safe.

    This interrogatory is also objectionable in that it does
not limit the jury in making the response to a time before
the accident.   The jury might have been required to answer
this interrogatory in the affirmative, although
plaintiff did not see the notice until after he
had driven upon the bridge and been injured.
Furthermore, the fact that the plaintiff could have seen the
notice in the exercise of ordinary and reasonable care would
not necessarily charge him with contributory negligence.   It
was not reasonable care with reference to looking for the
notice, but reasonable care with reference to going upon the
bridge under all the circumstances which was for the jury.
We do not say that it would have been reversible error to
have submitted these interrogatories to the jury, but it is
sufficient to sustain the action of the trial court in refusing
to submit them, that there was in each case some good ground
for such refusal.

    We find no error in the rulings of the trial court, and
the judgment for the plaintiff must be AFFIRMED.

6. CONTRIBUTORY NEGLIGENCE.

7. SPECIAL INTERROGA- TORIES: reasonable care.