FIRST NATIONAL BANK OF MARENGO, Appellee, v. JOHN M. ATHEY, Appellee, et al., Appellant.

**PRINCIPAL AND AGENT:** Rights and Liabilities as to Third Persons—Repudiation of Acts of Agent. A principal may not repudiate the acts of his agent, as being in excess of authority, while he retains the fruits of the unauthorized act.

**APPEAL AND ERROR:** Review—Harmless Error—Error Favorable to Appellant. In an action on a note, where it is claimed that the defendant was a surety only, and that the principal maker had, without his authority, filled in plaintiff's name as the payee, the same having been blank when the note was made, an instruction making the question of excess of authority by the

principal controlling, and defeating the note, even though the defendant had received the full benefit of its proceeds, was more favorable to the defendant than he deserved, and was, therefore, error of which he could not complain.

APPEAL AND ERROR: Harmless Error—Refusal of Special Interrogatory. The refusal of a special interrogatory which was a proper one, and might well have been given, was without prejudice, where, under the instructions given, the verdict, as rendered against the appellant, could not have been rendered without a finding against him on the requested interrogatory.

APPEAL AND ERROR: Harmless Error—Failure to Show Nature of Answer Sought. Where the record does not disclose what the testimony of the witnesses would have been, where objections to questions were sustained, the Supreme Court will not consider the alleged error on appeal.

*Appeal from Iowa District Court.*—R. P. HOWELL, Judge.

OCTOBER 23, 1919.

REHEARING DENIED FEBRUARY 16, 1920.

SUIT upon a promissory note against the two defendants as joint makers. The only defense interposed was by the defendant Murphy. The defense was that he was surety only, and that, after he had attached his signature to the note, the name of the payee was inserted therein, without his consent or authority. There was trial to a jury, and a verdict and judgment for the plaintiff. The defendant Murphy appeals.—*Affirmed.*

*Sullivan & Kirby* and *W. E. Wallace,* for appellant.

*Stapleton & Stapleton,* for appellee.

EVANS, J.—The note in suit is for $240, and is dated September 8, 1911. It was duly signed by both defendants, while it was blank as to the name of the payee. The defendant Athey presented the same in such condition at the plaintiff bank, for the purpose of negotiation. With his consent, the name of the plaintiff was inserted as payee, and the same

was then and there delivered to the bank, in consideration of the payment by the bank to Athey of $240. Murphy pleaded as a defense that he signed the note as surety for Athey, and that he consented only that the name of the German-American Savings Bank, or that of the People's Savings Bank, might be inserted therein as payee, and that he especially instructed Athey not to insert the name of plaintiff bank as payee.

The plaintiff pleaded in reply, in substance, that Murphy was not a surety on the note, but was the beneficiary of the loan to be obtained thereon; that he was a principal signer, and not a surety, in that this method had been adopted by Murphy and Athey, whereby Murphy was to pay the note, and thereby to discharge a debt of $240 owed by him to Athey. Only two issues of fact presented by the pleadings were contested in the evidence. These were:

1. Did Murphy instruct Athey not to insert the name of the plaintiff as payee in the note?

2. As between Murphy and Athey, was Murphy a surety, or was he the principal debtor?

The general contention for the appellant is that only the first of the above questions was material, and that an affirmative finding thereon would be conclusive of the case in favor of Murphy. The more important errors assigned are centered upon this proposition.

Before proceeding to consider the specifications of error, we may as well set forth here certain portions of the record which form the principal storm center of the appeal. The claim that Athey violated his instructions in permitting the name of the plaintiff to be inserted as payee of the note is based upon the following testimony of Murphy:

"At the time I signed it, the note was not made payable to anyone. John Athey brought the note to me to be signed. At that time, I told Mr. Athey the note should be made payable to the German-American Savings Bank of Marengo.

He came to me and wanted me to help him get that much money, and I told him my credit was taken up at the First National Bank, and I couldn't do it there, and he said he had made arrangements to get it at the German-American Savings Bank. I told him I was willing to help him get it at the German-American Savings Bank, or the People's Savings Bank of Marengo, and I told him he might fill in the name as payee in the note of either the German-American Savings Bank or the People's Savings Bank."

This claim rests also, as a matter of law, upon Section 3060-a14, Code Supplement, 1913, of the Negotiable Instruments Act, as follows:

"Sec. 3060-a14. Where the instrument is wanting in any material particular, the person in possession thereof has a prima-facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima-facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

The testimony of Murphy, both on the question of his instructions to Athey and on the question of suretyship, was contradicted by the testimony of Athey. According to the testimony of Athey, he was not limited in his authority as to the selection of the payee; and furthermore, the negotiation of this note was the method adopted by the makers, to

enable Murphy to pay Athey a debt due him for the amount of the note.

The trial court gave the law of the case to the jury in Instructions Nos. 2 and 3, as follows:

"2. Now, the defendant Murphy in this case claims that, at the time he signed this note, he informed Athey that he did not want the note given to the First National Bank, and that he did not want the name of the First National Bank filled in. The burden of proof is upon the defendant Murphy to establish this claim of his by a preponderance of the evidence; and, if he has shown you, by a preponderance of the evidence, that, at the time he signed the note, he informed Athey that he did not want the name of the First National Bank filled in as payee, then you are instructed that the plaintiff in this action cannot recover upon this note, unless it is allowed to recover on account of some of the grounds hereinafter stated; but if the defendant Murphy has failed to establish his claim, then you are instructed that the plaintiff is entitled to judgment as against the defendant Murphy for the full amount of the note.

"3. The plaintiff, as a further claim against the defendant Murphy, says that, on or about the 8th day of September, 1911, Murphy was indebted to Athey in the sum of $240, growing out of the transaction of buying and shipping some stock, and Murphy agreed with Athey to make out a note for that amount, with the payee left blank, so that Athey could fill in the name of the payee and get the money on said note, and that the note in suit was given by Murphy under those conditions. The defendant Murphy denies this claim of the plaintiff. Now, you are instructed that the burden of proof is upon the plaintiff to establish the claim made by it in this paragraph of these instructions by a preponderance of the evidence, and if the plaintiff has shown you, by a preponderance of the evidence, that Murphy signed the note under the conditions claimed by plaintiff, as set out

in this paragraph of these instructions, that then and in that event plaintiff would be entitled to recover in this action the full amount of said note, *unless the defendant Murphy has shown you by a preponderance of the evidence that, at the time he signed said note, he did so with the agreement or understanding with Athey that the name of the First National Bank was not to be filled in in said note."*

With so much of the record before us, the specifications of error may be discussed without undue elaboration.

I. Murphy will be referred to herein as though sole defendant. He moved to strike so much of plaintiff's reply as took issue with his allegation of suretyship, and which pleaded affirmatively that, as between him and Athey, he was the principal debtor. The general ground of this motion was that such matter was immaterial and irrelevant, and not pertinent to any material issue in the case. It will be noted, from what has already been said concerning the record, that the defendant, by his answer, first tendered issue on the question of his suretyship. The reply, both in its denial and in the affirmative matter, was responsive to the defendant's allegation of suretyship. The defendant, in his answer, treated the question of suretyship as material to his defense. If material, the matters pleaded in the reply contradictory thereto were necessarily material, also. It is true, however, that the issue thus made by answer and reply was, in a sense, collateral only to the main issue. The main issue was, Was the name of the payee inserted in the note without the authority of the defendant? The materiality of the question of suretyship was that, if the defendant was surety only, then the law of the case was wholly contained in Section 3060-a14 of the Negotiable Instruments Act, above quoted. On the other hand, if the defendant, as between him and Athey, was the principal, and not a surety, then the law of the case was not wholly contained in said section. If it were true that the defendant was the prin-

cipal, in that, as testified by Athey, the note was negotiated with the mutual purpose of both makers to enable the defendant to pay his debt to Athey, then another rule of law controls the rights of the parties. In such event, the defendant was the borrower, and Athey was his surety. In the negotiation of the note, the defendant was the principal, and Athey the agent. The defendant concedes that Athey had a limited authority to insert the name of the payee. His complaint is that Athey exceeded his authority, and violated express instructions.

Ordinarily, it is true that an agent cannot bind his principal by acts which exceed his authority. But this rule has many qualifications. Concededly, Athey was the agent of the defendant for the purpose of filling into the blank space the name of some payee. Concededly, also, it was expected that he should receive the borrowed money from the payee, whose name should be inserted. Athey did cause to be inserted the name of a payee, and, pursuant thereto, he received from such payee the full face value of the note. If Athey's testimony is true, Murphy got the full benefit of the money so received, in that it was applied, in accord with the agreement between the two makers, to the satisfaction of Murphy's debt to Athey. If Athey exceeded his authority by inserting the name of plaintiff as payee, then we have a case where the principal obtained the full benefit of an act of his agent which was in excess of his authority. It is a rule of law long ago settled in this state that a principal may not repudiate the act of his agent as being in excess of authority, while he retains the fruit of the unauthorized act. In such case, authority will be presumed, as a matter of law. *Eadie, G. & Co. v. Ashbaugh*, 44 Iowa 519; *Farrar v. Peterson*, 52 Iowa 420; *Hartley St. Bank v. McCorkell*, 91 Iowa 660; *Cassady v. Manchester F. Ins. Co.*, 109 Iowa 539; *Fleishman & Co. v.*

1. PRINCIPAL AND AGENT: rights and liabilities as to third persons: repudiation of acts of agent.

*Ver Does,* 111 Iowa 322; *Moyers v. Fogarty,* 140 Iowa 701. The motion to strike was, therefore, properly overruled.

II. What we have said in the foregoing division has an important bearing upon the questions involved in Instructions 2 and 3, which we have above set forth, and which are vigorously assailed in the specifications of errors. We may as well consider these two instructions together. It must be conceded that they are somewhat awkwardly put together.

2. APPEAL AND ERROR: review: harmless error: error favorable to appellant.

We find, however, that Instruction 2 is strictly correct. Instruction 3 is erroneous, but not so in the respect urged by appellant. The error thereof is against the plaintiff, and not against the defendant. The principal complaint of appellant against Instruction 2 is directed to the qualifying clause, "Unless it is allowed to recover on account of some of the grounds hereinafter stated." The argument is that it should have no qualification in this respect. Furthermore, it is complained that there were no "grounds hereinafter stated" to be found in the instructions, and that the qualifying clause was, therefore, meaningless and misleading. Taking Instruction 3 as it was and is, it is true that there was no occasion for this qualifying clause, and that there were no "grounds hereinafter stated." Instruction 3, as written, added nothing to Instruction 2. The substance of both instructions is that, if Athey was directed by Murphy not to negotiate the note to the plaintiff bank, then the plaintiff cannot recover. On the other hand, if Instruction 3 had been strictly correct, then the qualifying clause under complaint would have been necessary to the correctness of Instruction 2. The error in Instruction 3 consists in its last clause, which we have italicized above, and which is as follows:

"Unless the defendant Murphy has shown you, by a preponderance of the evidence, that, at the time he signed said note, he did so with the agreement or understanding with

Athey that the name of the First National Bank was not to be filled in in said note."

This clause should have been wholly omitted. The instruction should have ended with what preceded. If this instruction had ended at this point, it would have rendered both instructions harmonious. As it was, Instruction 3 added nothing to Instruction 2. The error, however, was wholly to the advantage of the defendant, and could not be prejudicial to him. The effect of Instruction 3 was to make the question of excess of authority by Athey controlling, and to defeat the note, even though the defendant had got the full benefit of its proceeds. The error, therefore, worked no prejudice to the defendant. If the judgment below had been against the plaintiff, quite a different question would be presented.

III. The defendant submitted to the court a special interrogatory which would require the jury to find specifically whether Murphy had forbidden the insertion of the name of plaintiff bank as payee. The special interrogatory was refused. The interrogatory was a proper one, and might well have been given. Nevertheless, the failure to give it was wholly without prejudice, upon this record. Under the instructions as given, the jury could not have rendered a verdict for plaintiff without finding against Murphy on that specific question of fact. The record clearly discloses, therefore, that the jury did find in the negative on that question.

3. APPEAL AND ERROR: harmless error: refusal of special interrogatory.

IV. The appellant complains of the expression, "agreement or understanding," which is to be found in the latter part of Instruction 3. The argument is that it was sufficient for Murphy to show that he had *instructed* Athey what he should not do, and that it was not necessary that there should be any agreement or understanding, and that there was no evidence of any agreement or understanding. It is

sufficient to say that the expression complained of is to be found in the last clause of Instruction 3. Inasmuch as we hold that this was too favorable to the defendant, and, for that reason, should not have been given at all, it leaves no ground of reversal at this point.

V. Several specifications of error are predicated upon questions of evidence. In several instances, the trial court sustained plaintiff's objections to questions put by defendant's counsel to his witnesses. The record does not disclose what the testimony of the witnesses would have been in any case where objection to the question was sustained. We cannot say, therefore, that it was prejudicial error. In so far as the testimony sought may be inferred from the form of the questions, we are able to see little materiality in it. Many of the questions were predicated upon the theory that the question of direction by Murphy to Athey was the one controlling question in the case. Some questions addressed to the defendant himself were rejected. These asked for the reasons he had for giving the direction to Athey as claimed. This was in the nature of cross-examination, which was the privilege of the other side. He was permitted to state all that he said to Athey. This included the reason. If he had other "reasons," not stated to Athey, we see no aid to his defense in the statement of them. In any event, the admissibility of that kind of evidence is somewhat a matter of broad discretion with the trial judge. We see no fair ground to interfere with the rulings. Inasmuch as the jury, under the instructions, necessarily found against the defendant on his one defensive fact, we cannot deem an error prejudicial, unless it bears upon that question of fact.

4. APPEAL AND ERROR: harmless error: failure to show nature of answer sought.

We have gone through the careful and thorough argument for appellant with much care. It would serve no useful purpose to dwell specifically upon each assignment there-

in.  What we have already said is practically decisive of all of them.  We find no error prejudicial to appellant.  The judgment below must, therefore, be—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.