W. L. FARR, Appellee, v. MACKIE MOTORS COMPANY, Appellant.

**TRIAL:** Special Interrogatories—Justifiable Refusal. Special interrogatories may, in the discretion of the court, be refused, when they do not call for an answer which would determine some fact involved in the right to recover. Especially is the court justified in his refusal when the interrogatory embraces two questions, the answer to neither of which would be determinative.

**ACCORD AND SATISFACTION:** Jury Question. Evidence held to present a jury question on the issue of settlement.

**APPEAL AND ERROR:** Review—Verdict as Result of Passion. The
3  appellate court will not assume to stamp a verdict as the result of
passion and prejudice when the evidence is conflicting, and the jury
has passed thereon, and has found in favor of the verdict holder.

*Appeal from Des Moines Municipal Court.*—O. S. FRANKLIN,
Judge.

JANUARY 17, 1922.

REHEARING DENIED MAY 15, 1922.

ACTION to recover a balance claimed to be due on a con-
tract of employment. Defendant pleaded a settlement and full
payment. Verdict for plaintiff, and defendant appeals.—
*Affirmed.*

*Mulvaney & Mulvaney,* for appellant.

*B. J. Cavanagh,* for appellee.

FAVILLE, J.—Appellee claims that he was employed by the
appellant as a traveling salesman, for the year 1917, at an
agreed salary of $3,000 per year, to be paid at the rate of $200
per month during the year, and a bonus of $600 January 1,
1918. Appellee claims that he was discharged without cause in
November, 1917, and sues for $550, which he claims is the bal-
ance due under the contract. Appellant claims a full and com-
plete settlement with appellee in November, 1917, and payment
at that time of the full amount due under the contract, and
denies that the contract was for $600 bonus, as claimed by
appellee.

I. Appellant's first contention is that the court erred in
refusing appellant's request to submit to the jury the following
special interrogatory:

1. TRIAL: special            "Do you find that plaintiff's services were
interrogatories:      unsatisfactory, and that he was discharged by
justifiable re-
fusal.                J. H. Duro, defendant's manager, on account
thereof, on the 27th day of November, 1917?"

Code Section 3727 provides as follows:

"The jury in any case in which it renders a general verdict may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact, to be stated to it in writing, which questions of fact shall be submitted to the attorneys of the adverse party before argument to the jury is commenced."

This statute has been the subject of repeated consideration by us. We had occasion to review our previous holdings in the case of *King v. Chicago, R. I. & P. R. Co.*, 185 Iowa 1227. We also considered this statute in the more recent case of *Johnson v. City of Denison*, 186 Iowa 949. We do not need to review the authorities again. The statute regarding special interrogatories should not be ignored. Of necessity, a large discretion is vested in the trial courts in regard to the matter of submitting special interrogatories. They should not be used to cross-examine a jury or to obtain an expression of its finding in regard to various items of conflicting evidence that may not be determinative of the case. Neither should they be so framed as to in any manner mislead a jury. They should be so worded as to be answered affirmatively or negatively, and the answer should be determinative of some fact involved in the right to recover. We think the trial court was justified in refusing to submit the special interrogatory asked in the instant case, because of the manner in which it was framed. The question really is a "double-headed" question, and did not necessarily call for an affirmative or a negative answer. The jury, in response to this interrogatory, could have found that the plaintiff's services were unsatisfactory, and that he was not discharged on account thereof; so that the question would not necessarily have to have been answered by "yes" or "no." Furthermore, the use of the word "unsatisfactory" was unfortunate. The services might have been unsatisfactory to the defendant's manager without giving him just or legal cause for the discharge of the plaintiff. There was no such error in the refusal to submit this special interrogatory as warrants us in reversing the case on this ground.

II. Error is predicated upon the court's refusal to give

Instruction No. 1 requested by appellant.  The matters contained therein were fully covered by the court in Instruction No. 5.  Appellant cannot complain because the court failed to adopt the precise language .of the requested instruction, when the law therein announced was fully and accurately embodied in an instruction given by the court.

III.  It is contended by appellant that the court erred in overruling appellant's motion for a directed verdict on the ground that the parties had made a full and complete settlement on November 27, 1917.  On said date, the appellee was discharged by the appellant, and was paid the sum of $27.40, and signed a receipt as follows:

2. ACCORD AND
   SATISFACTION:
   jury question.

"Received of Mackie Motors Company the sum of $27.40 in full of the above account."

The appellee testified:

"At the time that I was given the check for $27.40, I was owing an account to the defendant for some casings, coverings, and some kind of royal cord casing that I used on my personal car in the amount of $72.60, that left a balance of $27.40 coming to me at that time.  The check, Exhibit 3, for $27.40 is the difference between $72.60 that I owed the company and $100 that the company owed me for the last half of November, 1917."

Appellee, in his testimony, referred to November 27, 1917, as the time "when we settled up, and when they fired me." On cross-examination, he said:  "I did not settle with him." He further says:

"I had no conversation with Mr. Duro on the 27th of November, outside of the fact I was willing to continue until January 1st, as per my agreement, and that I still expected my $600 to be paid me.  I told him that after I received the checks. It is not true the first time I ever mentioned the $600 to Mr. Duro was a considerable time after I received the checks, and when he asked me to repay the $50 that we overlooked."

Upon this record, it was not error for the court to refuse to direct a verdict for appellant on the ground that there had been a full and complete settlement between the parties on November 27, 1917, at the time the receipt was given.  The

question was properly submitted to the jury for determination, under all the evidence.

IV. It is argued that the verdict is the result of passion and prejudice, and should not be permitted to stand. Appellee's case rests on his own testimony and that of a former

3. APPEAL AND ERROR: review: verdict as result of passion.

manager of the appellant company, who has also been discharged from the service of said company. Much of appellee's evidence is denied by the present manager of the appellant. The evidence was in conflict, and it was for the jury to determine the truth of the matter, under the instructions of the court. Even if we might have reached a different conclusion, had we been the triers of fact, we cannot say that the verdict of the jury is wanting in substantial support in the evidence, or that it is the result of passion and prejudice.

We find no reversible error in the record, and the judgment appealed from is—*Affirmed*.

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.