FERN S. MAIN, plaintiff-appellee, v. TONY L. SHESTON-LUXOR CAB COMPANY, appellant, APPANOOSE COUNTY et al., defendants-appellees.

No. 49407.

(Reported in 89 N.W.2d 865)

974

W. B. Hays, of Centerville, and D. W. Harris, of Bloomfield, for appellant.

George A. Milani, of Centerville, for plaintiff-appellee.

Charles L. Johnston, of Centerville, for defendants-appellees.

HAYS, J.—Plaintiff recovered judgment against defendant Tony L. Sheston for injuries sustained in a collision between a car being driven by plaintiff and a car owned by said Sheston, and being driven with his knowledge and consent. Defendant Sheston has appealed.

The petition alleged, and the trial court submitted to the jury, specific acts of negligence upon the part of the driver of defendant's car. These acts were: lack of control, failure to keep a proper lookout, attempting to pass a vehicle from the rear without first seeing that the way was clear, and failure to drive at a careful and prudent speed. Defendant's answer denied being negligent, as alleged, and further alleged that at the place of the collision and just prior thereto said driver was confronted with a sudden emergency, not of his own making, and that he exercised due care under the circumstances. This last proposition is the chief one relied upon by defendant.

The fact that a virtual head-on collision between the two cars occurred and that at the time defendant's driver was in plaintiff's lane of travel is not seriously denied. As to the conduct of plaintiff, defendant's driver and the operator of a truck being driven by defendant Paul Varner, Jr., more or less involved in the collision, there is a sharp dispute in the record.

The collision occurred a few miles south of Centerville, Iowa, at a point where paved Highway No. 60 and gravel Highway No. 277 converge. Highway No. 60 at the junction with Highway No. 277 makes a curve to the northeast, with Highway No. 277 going on east and somewhat tangent to No. 60. Plaintiff,

going east on No. 60, was leaving No. 60 and going east on No. 277. As plaintiff approached the junction, a truck being operated by defendant Varner came from the east on No. 277, stopped at the stop sign, and then entered No. 60, passed over to the south side thereof and started west on No. 60 in its proper lane. Defendant's car was coming on No. 60 from the northeast around the curve. As plaintiff's car passed the truck and entered into Highway No. 277, defendant's car, from the rear of the truck, swerved to the right across the pavement into Highway No. 277, where it collided with plaintiff's eastbound car.

I. Appellant assigns four errors, the first being insufficient evidence as to his negligence to warrant a submission to the jury. As before stated, as to what each driver did and just where the three vehicles were at the moment of impact is in sharp conflict, with nothing to be gained by a detailed recital of the various versions. Suffice to say, each party offered proof tending to support his version, of such a nature, if accepted by the jury, as would sustain a verdict in his favor. There was a question of facts to be determined and the trial court was correct in submitting it to a jury.

II. Error is assigned due to the refusal of the trial court to submit appellant's requested interrogatory. It was as follows: "Do you find from the evidence that the driver of the taxicab of the defendant, Tony L. Sheston, immediately prior to the collision of said taxicab with the automobile of the plaintiff, was confronted with a sudden emergency, not of his own making, and that he acted as a reasonably careful and prudent person would have acted under all the circumstances then and there existing, including a sudden emergency?"

Rule 206, R. C. P., states, "The jury in any case in which it renders a general verdict may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact, to be stated to it in writing * * *." This clearly contemplates a proper question. The above requested interrogatory was refused by the trial court without a statement as to the basis for such refusal.

The question requested is compound or double-headed and

does not necessarily call for an affirmative or a negative answer. The jury could say there was an emergency but that the defendant's driver did not use due care under the circumstances or vice versa. Such an interrogatory is properly refused. Farr v. Mackie Motors Co., 193 Iowa 954, 186 N.W. 52; Jones v. Shelby County, 124 Iowa 551, 100 N.W. 520; Brier v. Davis, 122 Iowa 59, 96 N.W. 983; Morbey v. Chicago & N.W. Ry. Co., 116 Iowa 84, 89 N.W. 105; 89 C. J. S., Trial, section 545. Overlooking the dual aspect of the question, the last part of the interrogatory as to due care assumes an emergency, the existence of which is a disputed fact. Such is not a proper question. 89 C. J. S., Trial, section 546; Tobin v. Van Orsdol, 241 Iowa 1331, 45 N.W.2d 239. Finally, the interrogatory called for an answer to a question which was essentially involved in the case, and, under the instructions given, the verdict, as rendered against the appellant, could not have been rendered without a finding against him upon the requested interrogatory. Thus, even assuming the request as a proper one, error, if any, in not giving it was harmless. First National Bank of Marengo v. Athey, 188 Iowa 330, 174 N.W. 347.

 III. Error is also assigned in the giving of Instruction No. 18. In this instruction the court in effect stated section 321.299, Code, 1954, as to overtaking and passing on the left by vehicles proceeding in the same direction. This proposition was definitely in the case under one of the alleged acts of negligence. As an abstract proposition the instruction is correct. The error assigned is that it should have included the appellant's theory of a sudden emergency. In Instruction No. 20 the court clearly and specifically covered this aspect of the case. In fact, in the instruction the court incorporated, almost verbatim, the requested interrogatory and told the jury that if it found such an emergency, and the driver of defendant's taxi acted with due care under the circumstances, including the emergency, if any, said driver would not be negligent. Instruction No. 18, when read in connection with the others and particularly No. 20, is correct and does not in any way foreclose the defense of a sudden emergency. Appellant seeks to take advantage of the rule applicable where cars meeting upon the highway shall give

978

way to the right, to the effect that a failure to do so is only prima-facie evidence of negligence. This situation is not in the case.

IV. Finally it is urged that the court erred in ordering plaintiff to submit to a physical examination as contemplated by rule 132, R. C. P.

Prior to the trial, defendant asked that plaintiff be ordered to submit to a physical examination by the defendant's doctor and asked that the examination be made by Dr. C. D. N. Gilfillan of Bloomfield, Iowa. To this application a resistance was filed, based chiefly upon the contention that Doctor Gilfillan was a client of defendant's attorney. The court, after a hearing, ordered that plaintiff be examined by three doctors connected with the University Hospital at Iowa City. The order stated, "Plaintiff shall take with her for said examination the history and all of her X rays heretofore taken in connection with her injuries complained of in the foregoing cause." As a part of the order appears, "To all of which the defendant excepts." No specific objection to the order at the time it was made appears in the record.

Appellant now excepts to the order because the court did not specify the scope of the examination, as required by rule 132. It would seem that a limitation as to the scope of the examination is there chiefly for the protection of the party being examined, and cases cited by appellant arise upon the objection of such party. Schroeder v. The C. R. I. & P. R. Co., 47 Iowa 375. Such is not the instant case. The defendant requested an examination of plaintiff. The court ordered the same and by directing plaintiff to take the history and X rays concerned with her alleged injuries directed the scope thereof. If a more detailed order was desired, there is nothing in the record to so indicate. It is quite apparent defendant's real objection is that the examination was made by doctors selected by the court instead of by defendant. Certainly there is nothing in the rule prohibiting such action by the trial court.

The judgment of the trial court should be and is affirmed. —Affirmed.

All Justices concur except Smith, J., not sitting.