ROBERT LUCAS, appellee, v. TERRY DUCCINI, appellant.

No. 51804.

(Reported in 137 N.W.2d 634)

OCTOBER 19, 1965.

Kenline, Reynolds, Roedell & Breitbach, of Dubuque, for appellant.

Clewell, Cooney & Fuerste, of Dubuque, for appellee.

STUART, J.—This negligence action grew out of an automobile accident which occurred in Dubuque about three o'clock New Year's morning. Defendant has appealed from the decision of the municipal court judge sitting as trier of fact awarding property damages to plaintiff. Two errors are assigned: 1. Failure of the trial court to direct a verdict in favor of defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. 2. Error in admitting opinion evidence of investigating officers as to the point of impact. We find no error.

I. We have so frequently set forth the rules which govern our approach to the first assignment of error that we no longer require the citation of authorities to support them. Findings of fact are binding upon the appellate court if supported by substantial evidence. Rule 344(f)1, Rules of Civil Procedure. In considering the propriety of a directed verdict for defendant the court gives plaintiff's evidence the most favorable construction it will bear, 344(f)2. Contributory negligence is generally for the trier of fact and only in exceptional cases may it be decided as matter of law, 344(f)10. The fact we might have reached a different result were we sitting as triers of fact is of no consequence.

The evidence viewed most favorably to plaintiff would support findings of fact as hereinafter summarized. Plaintiff and his wife were returning home between 2:30 and 3:00 a.m. after celebrating the arrival of the new year. Such hour and occasion makes one suspect that intoxication might be involved. Plaintiff admitted consuming "less than six drinks" during the evening, but the evidence of intoxication was not persuasive.

Plaintiff was proceeding in an easterly direction on Garfield Avenue within the 25-mile-per-hour speed limit. He observed a car with its bright lights on pull out from the curb four blocks ahead. When he was about two blocks away the car seemed to start over the center line of the street moving very slowly and at an angle. Plaintiff decelerated a little as he did not know what he was going to encounter because of the headlights. He got as close to the cars parked on his right as possible.

Plaintiff's car was a length and a half away from the defendant's car before he and his wife could see past its headlights. At that time he was traveling at a speed of not more than ten miles per hour. They then saw the car was not moving. Both doors were open and a man was outside the left-hand door and the left front wheel of the car was over the center line. The man jumped into the car just before the impact. Plaintiff immediately applied his brakes. Plaintiff's car missed the front end of defendant's car, but struck the open door shearing it off. Plaintiff's car was then thrown to the right and struck one of the parked cars. Neither plaintiff nor his wife was injured. There would have been room for his car to pass between defendant's car and the cars parked on his right had the door been closed.

Under this evidence the trier of fact could have concluded that defendant was negligent in pushing his stalled car into the left lane of traffic with his left door open and that plaintiff was not contributorially negligent in failing to see the open left door and in attempting to pass. We cannot hold plaintiff's conduct under these circumstances amounted to contributory negligence as a matter of law.

Appellant argues the fact that plaintiff could not see the open door until he was within a car and one-half length of defendant's car is proof his lights did not meet statutory requirements. We do not agree. The sufficiency of one's lights are not tested by looking into a pair of bright headlights. The fact plaintiff could not see beyond the bright headlights is no proof his own lights were not functioning properly. There was no other evidence of faulty lighting equipment.

II. Defendant claims the court erred in admitting the testimony of the two police officers as to the point of impact. In this regard Officer Sjobakken testified:

"As to observation of tracks on the left-hand portion of the street, that would have been Mr. Lucas' left-hand side of the street, I think he did set down four sets of skid marks from all four sets of tires. No, there were not any portion of these four sets of skid marks on any side of the street other than Mr. Lucas' own side of the street.

"As to what I observed upon the street so far as any debris

or parts of automobiles is concerned, there was mud and a door off the Duccini vehicle and a small amount—there wasn't too much glass.

"Q. Were you able to determine from observing the material upon the street and the marks you told us about where the accident had happened so far as the right or left-hand side of the street is concerned?

"Mr. Breitbach: If the court please, I want to interpose an objection to this question on the grounds there has been no proper foundation laid for this question, the testimony in regard to position, length and like of the skid marks and debris has not been specific enough, this would call for the incompetent opinion and conclusion of the officer, it would be invading the province of the court.

"The Court: Overruled, you may answer.

"Q. Were you able to tell where the accident happened or where the collision occurred so far as the side of the street was concerned? A. Well sure. That is why we wrote the ticket. He was definitely on the wrong side of the street.

"Q. When you say he, to whom do you refer? A. Mr. Duccini.

"Mr. Breitbach: If the court please I move to strike this testimony on the ground that it is incompetent, irrelevant and immaterial; there was no proper foundation laid for this testimony, it invades the province of the court and it calls for the incompetent opinion and conclusion of the witness.

"The Court: So much of the answer relating to writing a ticket will be stricken from the record and the rest of it will remain. * * *

"Q. What was there about the debris, the glass, the mud and the marks which caused you to conclude that the accident had occurred with the Duccini car over the center of the road?

"Mr. Breitbach: If the court please, we object to this question on the grounds that it calls for incompetent, irrelevant and immaterial testimony; it's calling for the opinion and conclusion of the officer with no proper foundation laid, it invades the province of the court.

"Mr. Fuerste: If the court please, this is exactly what counsel has been complaining about.

"The Court: Overruled.

"A. Well the dirt you couldn't tell too much because that was covered up by the car, but by the Lucas vehicle. Other than the fact that after the impact the skid marks were over to the right, from where it started, he was on his own side of the street. The skid marks went over after the point of impact and that is what caused him, after that time, he went into the parked car.

"Mr. Breitbach: If the court please we move to strike this testimony, on the same grounds as urged in the objection.

"The Court: Overruled."

There is considerable doubt whether defendant by his motion to strike without stating a reason for his failure to make timely objection adequately protected his record. Kuiken v. Garrett, 243 Iowa 785, 804, 51 N.W.2d 149, 160, 41 A. L. R.2d 1397; Mathews v. Beyer, 254 Iowa 52, 60, 116 N.W.2d 477. However, we prefer to base our decision on the proposition that the admission of this opinion evidence was within the discretion of the trial court.

In Long v. Gilchrist, 251 Iowa 1294, 1297, 105 N.W.2d 82, 84, a highway patrolman was permitted to express his opinion as to the point of impact after stating his observations of the physical facts. We said: "The admission of the opinion evidence of Officer Patterson under the facts in this case, rests in the discretion of the trial court. We will not interfere unless such discretion is abused."

Officer Sjobakken did not testify clearly on the location of the debris but did put plaintiff's skid marks completely on his own side of the street. The question was directed to the side of the street on which the impact occurred. No attempt was made to pinpoint the exact location of the impact. Here the skid marks alone were sufficient physical facts on which to base the opinion called for. The trial court did not abuse its discretion in allowing the officer's answer to the question to stand. See Hamdorf v. Corrie, 251 Iowa 896, 101 N.W.2d 836; Brower v. Quick, 249 Iowa 569, 88 N.W.2d 120.

Defendant cites only Hardwick v. Bublitz, 254 Iowa 1253,

119 N.W.2d 886, in support of his position. That case did not involve an opinion as to point of impact, but an attempt on the part of an officer to estimate speed from the damages resulting from a one-car collision when there were no skid marks of any kind. Many more complicated factors and variables were involved and an adequate foundation was not laid for the opinion. Here the necessary foundation was quite simple.

The questions and answers to Officer Rettenmeier upon which defendant claims error were as follows:

"Q. Were you able to tell upon the street where on the street with relation to the right- or left-hand side is concerned, the accident itself happened? Did it happen—on whose side of the road was the impact if it was on anybody's side of the road?

"Mr. Breitbach: If the court please we object to this question on the grounds it calls for the incompetent opinion and conclusion of the witness, no proper foundation for this question and invades the province of the court.

"The Court: Overruled, you may answer.

"The Witness: Would you repeat your question?

"Q. Were you able to come to any conclusion from these observations as to whose side of the road the accident happened on?

"Mr. Breitbach: Same objection, Your Honor.

"The Court: Same ruling.

"To the best of my recollection the debris, other than the mud, was on the south side of the center line. The south side of the road would have been the vehicle traveling east. That would have been the Lucas vehicle. * * *."

Prior testimony on the location of debris and skid marks was even less clear than that of Officer Sjobakken. But even if the foundation for the question was inadequate, there was no prejudice because the answer to the question was not an opinion as to the location of the impact, but a statement of his observations of the debris.

In Jones v. Shelby County, 124 Iowa 551, 553, 100 N.W. 520, we said: "Possibly the question was not just such a one as should have been asked, but there could have been no possible prejudice from the ruling, as the answer contained a proper statement with reference to the point in issue."

84

For the reasons hereinabove set forth, the trial court is affirmed.—Affirmed.

All JUSTICES concur.