RUSTLER REALTY COMPANY, Appellant, v. CHARLES SWECKER, Appellee.

**Accord and satisfaction:** EVIDENCE. To constitute a valid accord and satisfaction it must appear that the debtor gave the amount in complete satisfaction of the debt and that the creditor accepted it as such. Under the evidence in the instance case a directed verdict was not warranted.

*Appeal from Poweshiek District Court.*— HON. JOHN T. SCOTT, Judge.

THURSDAY, JUNE 6, 1907.

ACTION at law to recover a balance due as commission earned in making a sale of real estate. There was a directed verdict, and judgment for costs in favor of defendant, and the plaintiff company appeals.— *Reversed.*

*Popham & Havner,* for appellant.

*Tom H. Milner,* for appellee.

BISHOP, J.— The employment of the plaintiff company by the defendant to find a customer for his farm is conceded. It is also conceded that the farm was sold to a customer produced by plaintiff, and on the terms stipulated for by defendant. The parties are disputing only as to the amount

of the commission which should be paid by defendant. The plaintiff alleged an oral agreement on the subject, made at the time the farm was listed with it for sale, whereby defendant promised to pay the sum of $447, if a purchaser satisfactory to him should be produced; that of said sum there had been paid the sum of $228, and the prayer was for judgment for the balance. Defendant, on the other hand, denied that the agreement was as claimed by plaintiff, and he pleaded that plaintiff undertook the service on the express understanding that the commission should be a sum equal to 1 per cent. of the sale price of the farm; that this amounted to $228, which was paid on the completion of the sale. As a separate defense, defendant further pleaded that, following the completion of the sale of the farm, a dispute arose between himself and plaintiff in respect of the agreement for commission, and the amount to be paid plaintiff. And the allegation follows that defendant tendered to plaintiff $228, which sum was accepted, and which plaintiff still retains. Accordingly, it is said that the subject-matter of this suit was thereby settled, and it was demanded that plaintiff's petition should be dismissed. Plaintiff replied, saying that the said sum of $228 was not accepted in full satisfaction, and was not so understood, but was taken to apply on the contract sum as claimed by it to be due and not otherwise.

On the trial, the evidence as to the amount agreed to be paid as commission was in direct conflict. So far, therefore, there was a fair question for submission to the jury. But, apparently, the trial court was of the opinion that the defense of accord and satisfaction had been completely made out, and hence that the case should be disposed of by a directed verdict. Our reading of the record does not lead to such conclusion. When the sale had been completed, the parties met in a bank at Marengo, and defendant handed to Colson, one of the members of the plaintiff company, a bank memorandum showing that there had been deposited in said bank to his credit the sum of $228. Colson refused to accept that

amount as in full, and after some discussion the parties separated; Colson insisting upon payment of $447, and the defendant refusing to pay more than $228. Plaintiff at once commenced suit to recover the sum claimed by it. On finding out about a week later that the deposit by defendant still stood to his credit, and this without any conditions attached, Colson went to the bank, drew out the money, and appropriated it to the purposes of the plaintiff's company. These in brief are the facts disclosed, and in our view it was error to hold as matter of law that such were sufficient to make out a case of accord and satisfaction. "To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such." *Perin v. Cathcart,* 115 Iowa, 553. And if the evidence on the subject be such as to give rise to doubt, the case should be submitted for a verdict.

For the reasons pointed out, a new trial must be ordered.

To that end the judgment is *reversed.*