M. J. ZABAWA, Appellee, v. R. T. OSMAN et al., Appellants.

**APPEAL AND ERROR:** Harmless Error—Mathematical Calculation.
1  Reversible error does not result from permitting a witness to testify
   to the difference between two total sums which appear upon an ex-
   hibit then before the jury..

**ACCORD AND SATISFACTION:** Payment—Jury Question. The issue
2  of accord and satisfaction is for the jury when the evidence is not
   clear whether one party tendered the sum in full settlement,· or, if
   he did so tender it, whether the other party so accepted the sum.

**ACTIONS:** Premature Commencement—Instructions. Record reviewed,
3  and held to properly present defendant's plea of premature com-
   mencement of the action.

Headnote 1:  4 C. J. pp. 978, 998; 22 C. J. p. 536. Headnote 2:  1 C. J.
p. 583. Headnote 3:  9 C. J. p. 886.

*Appeal from Monona District Court.*—ROBERT H. MUNGER,
Judge.

OCTOBER 26, 1926.

Action to recover balance claimed to be due on an alleged
oral contract for services. The jury returned a verdict for the
plaintiff, and the defendants appeal.—*Affirmed.*

*C. W. Kellogg* and *Underhill & Miller,* for appellants.

*Prichard & Prichard,* for appellee.

FAVILLE, J.—The appellants secured a certain contract for
the construction of a drainage ditch. They were the owners of
a dredge boat which they wished to use in the work of con-
structing said ditch. It appears that the dredge boat was not in
good order, and that the appellee had had experience in the
management and operation of such a boat. The jury were war-
ranted in finding, under the evidence, that the appellants and the
appellee entered into an oral agreement whereby the appellee was
to operate said dredge boat in the construction of said ditch, and
the appellants were to furnish said boat, and that the appellee

was to receive for his services one half of the net profits, after all expenses for material, labor, and other items in constructing said ditch had been paid. This suit is for the balance claimed to be due to the appellee.

I. Appellants contend that there was error in the ruling of the court in admitting the testimony of the appellee with regard to the amount of profits. It is urged that the evidence was mere

1. APPEAL AND ERROR: harmless error: mathematical calculation.

opinion evidence, that the proper foundation had not been laid, and that it was an invasion of the province of the jury. The appellee, as a witness in his own behalf, produced a written memorandum or statement of account, which he testified was furnished to him by the appellants. Said statement of account, while somewhat crude and inartistic in form, purported to show the total amount that had been received by the appellants on said contract and the total amount of expenditures that had been incurred. The appellee was asked whether he knew, from anything that the appellants had told him, or from his own personal knowledge, what the profits were on the work that was done, and he answered in the affirmative. He had before him the statement furnished him by the appellants. In ruling upon the objections to his testimony, the court held that, "If he knows what it is, he may say." The witness testified to the difference between the amount of the receipts and the expenditures, which would be the profits. This was shown upon the statement which was in evidence. This was not the conclusion of the witness, but, it appears, was a mere mathematical computation. Strictly speaking, it was within the province of the jury to make the subtraction of the amounts shown on the statement; but it certainly cannot be held to be prejudicial error that the witness, after having given the figures as to the amounts of the receipts and expenditures, testified as to the balance. Reversible error could not be predicated upon the admission of this testimony, under the record.

II. It is contended by the appellants that the record shows a settlement of the matters involved between the parties, which constituted an accord and satisfaction, and is, therefore, a com-

2. ACCORD AND SATISFACTION: payment: jury question.

plete bar to the appellee's right to recover. Upon this question it appears that, during the course of the work, the appellants had paid the appellee the sum of $200, and that thereafter the appellee re-

quested of the appellants that they furnish him a statement, and make further payment. It appears that the appellants furnished such a statement to the appellee, and with it a check payable to the appellee. In regard to said matter the appellee testified:

"He had the statement all written out for me, and a check and everything, when I came up here to Onawa. I had demanded that he make a settlement. He didn't say anything,— only handed over that statement. I argued with him a little while, that it wasn't right. He said it was. So I did not stop very long; I just took the check, and then I went up town and saw an attorney. * * * With reference to this statement, Exhibit I, as I said before, he just called me in. He had the check lying on the table, and the statement lying on the table. He says, 'Here it is.' So I looked at the check and I looked at the statement. I saw it was not what we agreed to. We argued back and forth on this. We had a few other words I don't remember just now. * * * When Mr. Osman handed me this statement, Exhibit I, he didn't say it was a correct statement. He just laid it on the table, and the check was there. He says: 'Here's the statement and here's the check.' I looked at it, and I says: 'He is charging me with all the expense.' I had made a demand for settlement. I asked him for a statement of all the money received and all the expense. He says, 'Here it is.' Took it and pushed it over the table, and says: 'Here it is.' "

The contention of the appellants was that the check, which was for $224.79, was given to the appellee at the time the statement was rendered, and was in full settlement of the amount due. In rebuttal, on cross-examination, the appellee testified:

"Q. You took the check that he gave you as a part payment? A. Yes, I told him it was not a settlement. Q. You cashed it, didn't you? A. Yes."

In *Perin v. Cathcart*, 115 Iowa 553, we said:

"But, as an accord and satisfaction is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is or considers himself entitled to, no invariable rule can be laid down, with any degree of certainty, as to what constitutes such an agreement. Each case must be determined largely on its peculiar facts. To constitute a valid accord and satisfaction, not

only must it·be shown that the debtor gave the amount in satis-
faction, but that it was accepted by the creditor as such.''

See, also, *Rustler Realty Co. v. Swecker,* 134 Iowa 679;
*Beaver v. Porter,* 129 Iowa 41; *Sparks v. Spaulding Mfg. Co.,*
158 Iowa 491; *Schultz v. Farmers ·Elevator Co.,* 174 Iowa 667.

It is undoubtedly true that, where a debtor tenders a sum on
the condition that it be accepted in discharge of the whole debt,
the creditor is bound to either reject the amount offered or ac-
cept it on such condition; and if, under such· circumstances, he
accepts the sum tendered, there is an accord and satisfaction.
*Ferguson v. Grand Lodge,* 174 Iowa 61. Under the record in this
case, we are of the opinion ·that the trial court did not err in
submitting to the jury the question as to whether or not there
was an accord and satisfaction.  The evidence is not so clear and
conclusive that the appellants tendered the check at the time they
furnished the statement to the appellee, in full payment of any
sum that might be due the appellee, or that the appellee, with
knowledge that the check was so tendered in full payment, ac-
cepted it, as to make it a question for the court.· We think that
the question as to whether or not there was an accord and satis-
faction was a proper one for the ·consideration of the jury, and
that the court did not err in submitting it to the jury and in
overruling the appellants' motion for judgment notwithstanding
the verdict, upon this ground.

III.  Appellants pleaded as an affirmative defense that the
action was prematurely brought, and now contend that the court
should· have so found, and entered judgment· accordingly.  The
appellants' contention in this regard is that the
contract between the appellants and the appel-
lee was for the complete· construction of a cer-
tain ditch, called the Fensler Ditch, and laterals thereto ; that, at
the time the appellee instituted said action, the laterals had not
been completed ; that the· said contract had not been fully per-
formed ; that the amount of profits could not be ascertained
until the work was completed ; and that said action was, there-
fore, premature.  The appellee's contention in regard to said
matter was that, after said work upon the main ditch had been
performed by ·the appellee, appellants, without the knowledge or
consent of the appellee, made a new contract, by which a material
change was made in relation to the dredging to be done upon the

3. ACTIONS: pre-
_mature com-
mencement:
instructions.

laterals, and informed appellee that he need not use the dredge machine upon said laterals, but that the same would be done by the work of teams. Upon this question there was a conflict in the testimony. The court submitted the question to the jury, and instructed the jury to the effect that, if they found from the evidence that, under the terms of the oral agreement in question, the appellee agreed to do the work of the entire job, and that same had not been completed at the time of the commencement of the action, and if it had not been shown what, if any, profits there would be on the entire job, in that event the appellee could not recover. The court also instructed the jury on the alleged claim of a change in the contract. We think that the question as to whether the action was prematurely brought, and whether there had been a change in the contract, was one, under the peculiar circumstances of this case, that was clearly for the determination of the jury. The finding of the jury has support in the evidence upon this question, and we would not be warranted in interfering with this finding, under the record.

We find no error requiring interference with the judgment of the district court in any of the matters urged by the appellants, and the judgment appealed from must, therefore, be, and it is,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.