BARTH PRODUCE COMPANY, Appellants, v. TOM KELLY et al., Appellees.

No. 40643.

MARCH 10, 1931.

*Hann & Randall* and *C. C. Heninger,* for appellants.

*Shaw & Yoder,* for appellees.

KINDIG, J.—During the times material to this litigation, the plaintiffs-appellants were a copartnership doing business at Cedar

Rapids, under the firm name of Barth Produce Company. The partners were A. J. Barth and Chester A. Barth. Throughout the same time, the defendants-appellees were a copartnership doing business at Sigourney, under the name and style of Sigourney Produce Company. This copartnership was composed of Tom Kelly and B. O. O'Rourke.

Two accounts are involved in the present suit. Of these, one is for goods, wares, and merchandise sold by the appellants to the appellees; while the other grows out of a transaction wherein the appellants purchased eggs from appellees. A partial payment was made by each respective debtor to the respective creditor, but in each instance there was a balance due, unless an accord and satisfaction arose, under the facts hereinafter discussed. Said individual indebtednesses rose out of the following transactions: On April 4, 1928, the appellees shipped from Sigourney to the appellants, at Cedar Rapids, a carload of eggs, containing 250 cases, at the agreed price of $8.80 per case, f. o. b. Sigourney. Also on April 14, 1928, the appellees shipped from Sigourney to the appellants, at Cedar Rapids, a carload of eggs containing 284 cases, of which 224 cases were sold for $8.55 per case, and the remaining 60 cases on the basis of $7.15 per case, f. o. b. Sigourney. According to the sale price thus contemplated, the aggregate amount due appellees from appellants for those eggs was $4,544.20. There was paid, however, by appellants to appellees only the sum of $4,310.85, leaving a balance due, according to that computation, of $233.35. This is the amount claimed by appellees to be due it from appellants, and constitutes one account in litigation.

The other account in dispute is due appellants from appellees. It arose through an order for merchandise placed with appellants by appellees. That merchandise consisted of "White Fillers," "filler cases," and "Holed Tite Flats." These are articles used for packing eggs. Upon receiving the order, appellants sent the merchandise to appellees. When the order was given, the parties fixed a definite purchase price. Calculated according to that contract, the aggregate purchase price was $212.75. Appellees have paid the appellants upon that account $79.40, thus leaving a balance due of $133.35.

Such is the second account involved in the litigation. Appellants brought their action in the district court to recover from

the appellees said sum of $133.35. By way of answer to appellants' demand in that regard, the appellees claim: First, an accord and satisfaction, through a check known in the record as Exhibit 3, wherein the aforesaid $79.40 was sent appellants, together with a letter to the effect that such sum and an alleged $133.35 balance due on the egg shipments above named fully canceled and satisfied the $133.35 claim named in appellants' petition (according to the record, appellees erred in appellants' favor to the extent of $100, the amount actually due on the egg shipment being $233.35) ; and, second, a counterclaim for the unpaid balance on said egg shipments, amounting to $233.35. Said amount specified in the counterclaim, according to the sum named in the accord and satisfaction, erroneously would have been only $133.35, but the error was afterwards corrected by amendment, and shown to be $233.35. In their reply, appellants contend that appellees' counterclaim was fully satisfied, through another accord and satisfaction arising in the following manner: When each carload of eggs arrived at Cedar Rapids, it was found that some of them were not up to standard, and therefore communication was had between appellants and appellees, whereby an adjustment was made upon the basis of a discount, to the extent of $233.35. Because this dispute over the quality of these eggs was settled in that manner and way, appellants contend that an accord and satisfaction arose. Each accord and satisfaction was denied by the respective parties: that is to say, appellants deny that appellees settled with them for the egg-crating merchandise on the basis of $79.40; and likewise, appellees aver that they did not receive the amounts paid by appellants for the eggs as an accord and satisfaction.

A dispute arises concerning the quality of eggs to be furnished by appellees to the appellants, in the first instance; and likewise, a controversy exists about what was said by the respec-tive parties, from time to time, regarding the eggs. As before indicated, this case was tried to the district court, a jury being waived; and therefore, if there are substantial facts in the record sustaining the findings of that court, we are powerless to change the same on this appeal. After a hearing in the district court, that tribunal found for the appellees and against the appellants. Thereby the litigation resulted in the cancellation of

appellants' claim for $133.35 against the appellees, and in addition thereto, a judgment was rendered in appellees' favor against the appellants for $100. Appellants ask a reversal of that judgment, upon the following grounds:

I. It is said by appellants that the eggs they purchased from appellees were to be "storage packed extra firsts." On the contrary, appellees assert that the eggs ordered by appellants were to be of the ordinary kind and quality. Evidence was introduced upon this disputed subject, and there was a sharp conflict therein. Thus arose a question for the court, which was passing upon the facts. That tribunal found that the preponderance of the evidence was in appellees' favor. Therefore, under the circumstances, this court is bound thereby.

II. Furthermore, it is claimed by appellants that, regardless of the foregoing, a dispute arose over the quality of these eggs, and a compromise of the difficulty ensued. Following the  aforesaid dispute, appellants say, they mailed to appellees, for each carload of eggs, a check for a reduced purchase price. These checks, appellants explain, were offered by them to, and received by, appellees as an accord and satisfaction. Consequently, appellants conclude that there cannot be a recovery by appellees for the alleged balance of $233.35.

During our discussion in *Wheeler v. Woods*, 205 Iowa 1240, on pages 1245 and 1246, we declared:

"* * * if the understanding of the parties creates an accord only, then there must be a satisfaction thereof before complete relief from the previous obligation exists. *Shields v. Holtorf*, 199 Iowa 37. * * * Quite as emphatically, on the other hand, however, it is generally declared by the courts that, if the result of the transaction between the parties amounts to more than an accord,—that is, to a novation or an independent contract of settlement,—the original claim, because thereof, is entirely extinguished; for in such event the new promise itself is accepted as a satisfaction."

Likewise, we said in *Minnesota & O. P. Co. v. Register & Tribune Co.*, 205 Iowa 1228, on pages 1232 and 1233:

"Under the rule in this state, it is established that, where there is a bona-fide dispute between the parties regarding the

amount due upon an unliquidated claim, and the debtor offers the creditor a check for a less amount than the creditor claims, conditioned that the acceptance of said check is to be in full satisfaction of the claim, and where the creditor accepts and cashes the check, with knowledge that the debtor was tendering it in such full payment, it became an accord and satisfaction binding upon the parties.''

Appellees deny that any payment was made to them by appellants as an accord and satisfaction. Also, they aver that in no event did they receive any payment as an accord and satisfaction. Accompanying the so-called payment, alleged to be an accord, was a letter from appellants to appellees, dated April 16, 1928. A portion of that letter reads as follows:

''I [appellants] am sending herewith accounting on the 250 cases lot, and also the 292 case lot. I [appellants] understand there is a draft coming in tomorrow for $2200.00, which I presume you [appellees] will want us [appellants] to take up, regardless of your [appellees'] decision on this car. Therefore, as soon as we [appellants] get this car on track run, we [appellants] will make final settlement with you [appellees] on all three lots. *Awaiting to see you tomorrow afternoon, before going ahead on this car,* I am [the italics are ours].

''Yours very truly,
''Barth Produce Company'' (appellants).

Obviously, no definite conclusion was reached at that time. According to appellees' testimony, no ultimate agreement was reached at the conference held at the time named in the italicized portion of the aforesaid letter. Manifestly, a fair consideration of appellees' testimony indicates that at no time was a compromise reached. The appellee company, according to the entire record, did not accept the reduced payment as a satisfaction. Under the disputed facts and circumstances, it at least was for the court to say whether or not the partial payments were received by appellees as an accord and satisfaction. *Perin v. Cathcart*, 115 Iowa 553; *Shull, Gill, Sammis & Stilwill v. McCrum*, 179 Iowa 1232; *Farr v. Mackie Motors Co.*, 193 Iowa 954; *Zabawa v. Osman*, 202 Iowa 561.

III. An additional complaint is made by appellants because the district court allowed the appellees to recover the $100 afore-

said. In accordance with appellants' theory in this regard, appellees, at most, are entitled to have their counterclaim allowed against the $133.35 claimed by appellants in their petition. Under the allegations of appellees' answer, it will be remembered, they pleaded an accord and satisfaction against appellants' claim for said $133.35. Such accord and satisfaction, appellees alleged, arose in the following manner: On May 11, 1928, appellees sent appellants $79.40, in full payment of appellants' claim for the egg-crating material, amounting to $212.75 in all, with a letter to the effect that said $79.40 balanced the account between the parties, for the reason that appellants already were owing appellees $133.35 (this was an error, as previously indicated, for it should have been $233.35) of the balance due for the two carloads of eggs. Clearly, however, appellants did not accept the $79.40 as an accord and satisfaction. While testifying, one of the appellant partners said:

"I [partner of appellant] recall getting a letter marked 'Exhibit 3-Hamilton' from Mr. O'Rourke [a partner of appellee]. I [partner of appellant] answered that letter by telephone, the very day of its arrival at my office. I asked Mr. O'Rourke to send us [appellants] the balance which he [appellees] owed on the egg case fillers which we [appellants] had sent him [appellees] in April."

The foregoing, together with the balance of this witness's testimony, indicates that the minds of the respective parties did not meet upon the proposition. At least, there is enough in the record to support the district court's finding to the effect that the money was not received by appellants as a satisfaction, although offered by appellees as an accord. There being no accord and satisfaction, therefore, the appellees were entitled to recover the amount allowed by the district court.

IV. Continuing their attack upon the judgment of the district court, appellants complain because the appellees were permitted to amend their petition during the trial by raising their  claim against the appellants from $133.35 to $233.35. Apparently appellees had been laboring under a mistake concerning the exact amount due. They had lost track of $100. Appellants did not ask for a continuance, nor have they shown any reason why the district court abused its discretion in permitting the

1160

amendment. Before appellees asked permission to amend, the evidence indicated the error. Under the circumstances, we are not inclined to interfere with the district court's discretion in that regard.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.