## VanHook *v.* Estate of Harriet B. Young, Deceased.

[No. 3,864.   Filed June 26, 1902.]

New Trial.—*Motion.*—*Time of Filing.*—*Appeal and Error.*—A motion for a new trial which was not filed during the term in which the verdict was rendered, as required by §561 R. S. 1881, no excuse being shown for the delay, will not be considered on appeal. *p. 473.*

Executors and Administrators.—*Claim for Services.*—*Members of Common Family.*—*Verdict.*—*Interrogatories.*—*Conflict.*—In an action on a claim against a decedent's estate for services rendered in nursing, boarding and caring for decedent, and managing her estate, answers to interrogatories that claimant and decedent lived together in the same house as one common family and that there was no understanding between them that claimant should receive compensation for her services or for board furnished decedent are in conflict with a general verdict for claimant on an implied promise. *pp. 473, 474.*

Same.—*Claim for Services.*—*Members of Common Family.*—*Verdict.*—*Interrogatories.*—*Conflict.*—In an action on a claim against a decedent's estate for services rendered in nursing, boarding and caring for decedent, and managing her estate, judgment was rendered in favor of defendant on answer to interrogatories, notwithstanding the general verdict. The jury found in answer to certain interrogatories that claimant and decedent lived together as one common family, and that there was no understanding or agreement that claimant should receive compensation for her services or for board furnished decedent. In answer to another interrogatory the jury found that the services were not rendered in consideration of financial favors that decedent did for plaintiff from time to time, nor in consideration of her relationship to decedent and the love and affection growing out of the relationship. *Held,* that considering the inconsistency of the answers to interrogatories with one another, and the conflict of some of them with the general verdict the ends of justice would be best served by a retrial. *pp. 474–476.*

TRIAL.—*Interrogatories.*—*Appeal and Error.*—Where an interrogatory double in form is propounded, without objection, and answered, it does not necessarily follow that it must be disregarded on appeal. *p, 475.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Proceeding by Jennie VanHook to enforce a claim against the estate of Harriet B. Young, deceased. From a judgment for defendant on answers to interrogatories notwithstanding the general verdict, plaintiff appeals. *Reversed.*

*E. C. Hughes,* for appellant.
*W. H. Watson* and *M. Z. Stannard,* for appellee.

COMSTOCK, J. — Appellant filed her verified claim against the estate of the decedent for services rendered the decedent in nursing, boarding and caring for the decedent, and for services rendered in managing and attending to decedent's estate and business from November, 1891, to July, 1900, inclusive. Appellant and Harriet B. Young bore to each other the relation of niece and aunt. It is not claimed that there was an express contract either for board or care or for attending to the business of decedent. The cause was put at issue and upon trial a verdict in favor of appellant for $2,100 was returned. The jury, with the general verdict, returned answers to interrogatories. Upon the facts specially found, upon motion of appellee, the court rendered judgment in favor of the estate, notwithstanding the general verdict.

Appellant assigns as error the action of the court in overruling her motion for judgment on the general verdict; in sustaining appellee's motion for judgment on the answers to interrogatories; in overruling appellant's motion for a new trial. The verdict was returned on March 21, 1901, the thirty-ninth judicial day of the February term, 1901. On the 31st day of March, the forty-seventh judicial day of the said term, appellee's motion for judgment was sustained, and judgment was rendered in favor of appellee,

On April 15th, the first judicial day of the April—the following—term, 1901, appellant's motion for a new trial was filed and overruled. Section 570 Burns 1901, §561 R. S. 1881, is as follows: "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special or adjourned." No excuse is shown for the failure to file the motion for a new trial during the term at which the verdict was returned. It is insisted by appellee, therefore, that the motion for a new trial and the reasons it sets out, none of the reasons being alleged to have been discovered after the February term, and there being no agreement between the parties extending the time for filing the motion beyond the said February term, can not be considered by this court. The insistence must be sustained. *Smith* v. *Little,* 67 Ind. 549; *Louisville, etc., R. Co.* v. *Summers,* 131 Ind. 241; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind. 571; *Allen* v. *Adams,* 150 Ind. 409; *Shaffer* v. *Milwaukee, etc., Ins. Co.,* 17 Ind. App. 204; *Deering & Co.* v. *Armstrong,* 18 Ind. App. 687; *Jacquay* v. *Hartzell,* 1 Ind. App. 500.

In determining whether the answers to interrogatories are irreconcilably in conflict with the general verdict, we may dispose of the other specifications of error. The claim filed by appellant does not count upon, nor does appellant in argument ask to recover upon, an express contract. Appellant claims that the answers to interrogatories are not in conflict with the general verdict. Our attention is directed to interrogatories number eleven, eighteen, nineteen, and forty, and the answeres thereto. They are as follows: "No. 11. Did claimant and the decedent Harriet B. Young live together in the town of Charlestown, in the same house as one common family, from the month of November, 1891,

up to July 20, 1900? Answer. Yes. No. 18. Was there any agreement or understanding between the claimant Jennie Y. VanHook, and the decedent Harriet B. Young, that said claimant should receive pay or compensation for her services rendered for decedent in looking after the business of decedent? Answer. No. No. 19. Was there any agreement or understanding between the claimant and the decedent that claimant should receive pay or compensation for board furnished to, or care bestowed upon, decedent? Answer. No. No. 40. Were the services rendered by claimant for decedent, and recited in the claim herein, rendered in consideration of the financial favors that decedent did for plaintiff from time to time, and in consideration of her relationship to decedent and the love and affection she entertained toward decedent, growing out of said relationship? Answer. No."

It is found by answer to the eleventh that claimant and decedent did live in the same house as one common family; by the eighteenth, that there was no agreement or understanding between the decedent and claimant that the claimant was to receive pay or compensation for services rendered for decedent in looking after her business. The general verdict found that there was an implied contract to pay for such services. The conflict between the two is irreconcilable. The nineteenth finds that there was no contract, expressed or implied, that claimant should be paid for board furnished to, or care bestowed upon, decedent. The general verdict finds that there was an implied promise to pay for board furnished decedent. Unquestionably there is as to the item of board an irreconcilable conflict between the two.

But it is claimed by appellant that the questions and answers are not so specific and certain as to cover the averments of the complaint for nursing through all sickness and for managing decedent's estate and transacting all her business. Besides, it is contended by appellant not only that

they do not conflict with the general verdict but that they are manifestly inconsistent with interrogatory number forty. To that interrogatory the jury answered that the services in question were not rendered in consideration of the financial favors that the deceased did for the plaintiff, nor in consideration of her relationship to decedent, nor out of the consideration of "love and affection she entertained toward decedent growing out of said relationship." Eliminating the consideration of financial favors received, relationship, love and affection, there remains only the expectation of reward. The answer to this interrogatory tends strongly to show an implied agreement, and so is inconsistent with the theory that the jury intended to find in answer to interrogatories eighteen and nineteen, *supra,* that there was no implied promise.

Counsel for appellee urge that said interrogatory number forty should be disregarded for the reason that it is double in form; that if separated into two questions, one of them might have been answered in the affirmative; that if this is true the negative answer was obtained by uniting two questions. An interrogatory to the jury should be so framed as to present distinctly a single material fact involved in the issues. It would be proper for the court to reject an interrogatory not complying with the rule; but where an interrogatory is propounded without objection and answered, it does not necessarily follow that it must be disregarded.

The verb "to nurse" used with reference to an adult conveys the idea that the object of care is sick, or is an invalid; it means more than general watchfulness. We can readily understand, in view of the general verdict, how the jury may not have understood the word "nurse" in its most comprehensive sense, and so gave an answer not intended. Looking at the whole record, considering the inconsistency of certain of the answers to interrogatories with one another and the conflict of some of them with the general ver-

dict, we are of the opinion that the ends of justice will be best served by a retrial of the issues.

The judgment is reversed, and the trial court is directed to sustain a motion for a new trial if filed within sixty days from July 1, 1902.