FITZGERALD v. BIXLER.

1. PLEADING—ANSWER—MOTION TO DISMISS—DEFENSES AVAILABLE.
Defenses sought to be raised by motion to dismiss, filed after answer has been filed, may not be considered, where such defenses were not raised either by the answer filed or by an amended answer (Court Rule No 18 [1945]).

2. SAME—ANSWER—MOTION TO DISMISS—MOTION FOR NEW TRIAL—DEFENSES AVAILABLE.
Motion to dismiss, filed after answer had been filed, and motion for new trial, should be denied, where such motions sought to raise defenses not raised by or incorporated in the answer (Court Rule No 18 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading § 330.
[3, 4] 30 Am Jur, Judgments § 60.

3. JUDGMENT—DIRECTED VERDICT—MOTION FOR JUDGMENT NOTWITH-
STANDING VERDICT.

  Except for a judgment that is unsustainable under the plead-
  ings or a general verdict that is inconsistent with a special
  finding of the jury, it is necessary that a motion for a directed
  verdict shall have been filed by the party moving for a judgment
  notwithstanding the verdict (Court Rule No 37, § 8 [1945]).

4. SAME—JUDGMENT NOTWITHSTANDING VERDICT—DIRECTED VERDICT.

  It is improper to urge grounds for judgment notwithstanding
  a verdict that were not urged in a motion by the same party
  for a directed verdict during the trial (Court Rule No 37,
  § 8 [1945]).

5. SAME—VERDICTS—INTEREST.

  Judgment improperly entered notwithstanding verdict is ordered
  set aside and judgment ordered entered on the verdict with
  interest from date of verdict (Court Rule Nos 18, 37, § 8
  [1945]).

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted June 12, 1957. (Docket No. 54, Calender No.
47,030.) Decided December 24, 1957. Rehearing de-
nied April 14, 1958.

Case by Ann Fitzgerald against George W. Bixler
for conversion. Verdict and judgment for plaintiff.
On motion for new trial the court, for reasons con-
tained in a motion previously denied, entered judg-
ment *non obstante veredicto* for defendant. Plaintiff
appeals. Reversed and remanded.

*John H. Gillis* and *Philip A. Gillis,* for plaintiff.

*George W. Bixler (Joseph B. Bixler,* of counsel),
*in propria persona.*

VOELKER, J. Plaintiff below sued for the wrongful
conversion of money and had a jury verdict for
$6,000 against the defendant. Judgment was entered
on this verdict. The trial judge then denied defend-
ant's motion for judgment notwithstanding the ver-
dict. This motion was grounded upon an alleged

election of remedies, waiver, estoppel and *res judicata*. Later the defendant filed a motion for a new trial. After arguments on that motion the court below, apparently on its own motion, thereupon set aside the judgment it had entered for plaintiff and entered judgment for defendant notwithstanding the verdict. The plaintiff's motion for rehearing being denied, this appeal has resulted.

The record discloses that the defendant's motion for a new trial (similar to his earlier denied motion for judgment notwithstanding the verdict) also sought to raise and depend upon defensive matter in the nature of election of remedies, waiver, estoppel and *res judicata*. Certain of these matters had likewise been sought to be raised in defendant's motion to dismiss, so entitled, filed after he had filed an answer of general denial in which he failed to raise these or any affirmative defenses. (The record discloses that this motion to dismiss was first filed after pretrial conference and after the jury was sworn.)

Honigman has this to say on the subject (Honigman, Michigan Court Rules Annotated, p 148) under his comment on Court Rule No 18 (1945): "If an answer has been filed without raising the particular defense sought to be raised by a motion to dismiss subsequently filed, then the answer must be amended to permit such contention to be made on motion to dismiss." To the same effect, see *Schultz* v. *Nickel,* 251 Mich 273.

Since the record before us fails to disclose that any amended answer was timely filed raising or incorporating any such defenses, it is plain that both the motion to dismiss and the motion for new trial attempting to raise the same or new defensive grounds should have been denied.

Passing now to the propriety of the court's action in entering judgment for the defendant notwithstanding the verdict. We find that the record before

us fails also to disclose that any motion for a directed verdict was made by the defendant during the trial.

In his comment on Court Rule No 37, § 8 (1945), Honigman has this to say (Honigman, Michigan Court Rules Annotated, pp 380, 381):

"In order to seek the benefit of a motion [for judgment?] notwithstanding the verdict or judgment *non obstante veredicto,* as it is sometimes referred to, a motion for directed verdict by the moving party must have been made before submission of the case to the jury. The only exceptions are in the case of a judgment that is unsustainable under the pleadings or a general verdict that is inconsistent with the special findings of the jury. * * * On a motion for judgment notwithstanding the verdict, it is improper to urge grounds which were not urged in the motion for directed verdict made during the trial."

This accords with our holding in *In re Calhoun Estate,* 346 Mich 227, at page 232, where Mr. Justice BLACK had this to say: "No motion for directed verdict was made during the trial. We cannot for want of such motion consider the mentioned motion for judgment notwithstanding verdict (citing the court rule and earlier cases)."

It is manifest that among the main purposes of pleading are those of timely raising and disposing of all triable issues and, also, the timely raising of those matters which might possibly avoid any trial at all. To permit a defendant to deprive the plaintiff of her verdict and judgment after trial in the manner disclosed by this record is not only to reward what we may charitably call a singularly consistent ineptness, to needlessly help swell our already clogged trial dockets, but to encourage other and perhaps smarter litigants to hold back their real defenses as "an ace in the hole" and then, if they lose

at the trial, seek to raise them to change the result. This we cannot and will not permit.

It follows that in the circumstances the court below was wrong in thus entering a judgment for defendant notwithstanding the verdict. His original ruling denying that motion was the right one. The cause must accordingly be remanded with directions to set aside the judgment entered for defendant and to enter judgment on the verdict for the plaintiff in the amount returned by the jury, to which interest should now be added from the date of the verdict. (*Cole* v. *Findley Tool & Die Co.*, 290 Mich 199.) Plaintiff may recover costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.