PETRENKO, ADMINISTRATRIX v. LOTHAMER.

[No. 19,771. Filed May 7, 1965. Transfer denied April 7, 1966.]

R. *Wyatt Mick, Jr., & Andrew Plodowski* and *Plodowski, Tuskey & Mick,* of Mishawaka, for appellant.

*William E. Mills,* of South Bend, and *James P. Gleason,* of Michigan City, for appellee.

SMITH, J.—This Court on March 15, 1965 handed down an opinion in the above entitled cause of action.

On April 6, 1965 the appellant filed a Petition For Rehearing and For Modification of Mandate alleging therein that this Court was in error by stating in the mandate of the opinion the following:

> "Finding no error on the part of the trial court in sustaining the motion for a new trial, the judgment ordering a new trial is hereby affirmed; and the trial court is hereby ordered to enter a judgment on the interrogatories in favor of the appellee (cross-appellant)."

The appellant urges that the language used in the mandate is erroneous for the reason that when appellee's motion for a new trial was granted any question as to the motion for judgment on the interrogatories became moot and was waived by the appellee.

The Court on its own motion on April 6, 1965, filed a modified mandate to the opinion which reads as follows:

> "The appellant, plaintiff below, having failed to demonstrate any error on the part of the trial court in sustaining the motion for a new trial on the grounds set forth in specification number 7 of the trial court's reasons for sustaining the motion for a new trial and this Court having found no error in such ruling, the judgment of the trial court ordering a new trial is hereby affirmed and this cause is remanded to the trial court for further proceedings not inconsistent herewith."

On April 20, 1965, the appellee (cross-appellant) filed a Petition for Rehearing or For Modification of Mandate. In

this petition the appellee (cross-appellant) alleges that this Court erred in its corrected opinion and decision in the following respects:

1. in failing to give a decision on the cross-error for the reason that said cross-error was properly assigned by the appellee, briefed and argued by the parties in this appeal and discussed by the court in its corrected opinion.
2. in failing to direct the trial court with "particular instructions relative to the judgment to be rendered," as required by Acts 1881 (Spec. Sess.), ch. 38, § 649, p. 240, consistent with its ruling on the cross-error for the reason that the trial court can only act pursuant to such instructions upon remand.
3. in failing to render a decision on the cross-error consistent with the corrected opinion of the court and thereafter instructing the trial court to enter judgment for the appellee (cross-appellant) on the anwers of the jury to the interrogatories for the reason that this court's corrected opinion shows that the appellee (cross-appellant) is entitled to such judgment.

The appellee (cross-appellant) requests that this Court modify or change the mandate in its corrected opinion and decision in this cause, heretofore handed down on the 6th day of April, 1965.

In support of his motion, the appellee (cross-appellant) contends:

1. That in its corrected opinion this Court has determined that the appellee (cross-appellant) is entitled to a judgment upon the interrogatories answered by the jury.
2. That the ends of justice will best be served by fully and finally determining this cause and putting it to rest by ordering the trial court to enter a judgment for the appellee (cross-appellant) on the answers to the interrogatories.

From an examination of the appellant's Petition For Rehearing and Modification of Mandate we are of the opinion that said petition for rehearing should be denied.

However, the Court is of the opinion that the Petition For

Rehearing or For Modification of Mandate filed by the appellee (cross-appellant) should be granted.

We are herewith withdrawing the opinion filed on March 15, 1965, as modified on April 6, 1965, and are herewith substituting a modified opinion therefor.

Bierly, P. J., Hunter and Mote, JJ., concur.

SMITH, J.—This is an action brought by appellant Eugenia Petrenko, Administratrix of the Estate of Wolodimir Petrenko, Deceased, against Norman L. Lothamer, appellee, for the wrongful death of appellant's deceased adult son, the death resulting from a collision between an automobile operated by the appellee and a bicycle operated by the appellant's deceased son.

The jury returned a general verdict for the plaintiff, the appellant (cross-appellee) herein, and assessed damages in the amount of $17,500.00. The defendant, the appellee (cross-appellant) herein, submitted written interrogatories to the court to be submitted to and answered by the jury. The defendant moved for judgment on the answers to the interrogatories, the general verdict of the jury notwithstanding, which motion was overruled by the trial court.

A motion for a new trial was filed and was granted by the trial court. The appellant appealed from the ruling of the trial court sustaining the motion for a new trial, and alleged as error that said court failed to set out in writing with particularity his reason or reasons for granting the motion for a new trial. See, *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. (2d) 239; *Newsom* v. *Pennsylvania Railroad Company* (1962), 133 Ind. App. 582, 181 N. E. (2d) 240.

This court, on May 28, 1963, ordered that the final determination of this cause be held in abeyance and that the same be temporarily remanded to the trial court with instructions to the court to enter upon the trial docket a statement setting forth with particularity the specific reasons

upon which the decision to sustain the motion for new trial was predicated. See, *Petrenko, Adm., Appellant* v. *Lothamer, Appellee* (1963), 134 Ind. App. 630, 190 N. E. (2d) 570.

In compliance with this ruling the trial court, on the 14th day of June, 1963, submitted seven reasons upon which the trial court predicated its ruling on the motion for a new trial. These reasons are contained in the transcript and attached thereto.

The appellant, following the submission of the trial court's reasons for granting a new trial, filed a supplemental brief of additional authority, therein alleging as error the reasons set forth by the trial court for sustaining the motion for a new trial.

The appellee (cross-appellant) filed a cross-appeal alleging that the trial court erred in refusing to enter a judgment on the answers to the interrogatories, and prayed that the judgment of the trial court in overruling appellant's motion for judgment on the answers to the interrogatories be reversed, and that the trial court be directed to enter a judgment on the answers to the interrogatories.

In reviewing a trial court's ruling sustaining a motion for new trial if, in the opinion of the court, any one of the stated reasons set forth by the trial judge can be sustained by the law and the evidence of the case, this court is legally bound to affirm the decision of the trial court. *Newsom* v. *Pennsylvania Railroad Company, supra; Rans* v. *Pennsylvania Railroad Company* (1962), 133 Ind. App. 592, 181 N. E. (2d) 644, 184 N. E. (2d) 37; *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. (2d) 486, *transfer denied March 3, 1964.*

In the Bailey case, the test for determining whether the trial judge erred in granting a new trial is whether (1) the trial court abused its judicial discretion; (2) whether a flagrant injustice has been done to the appellant; or (3) whether a very strong case for relief from the

trial court's ordering a new trial has been made by the appellant.

With the above test in mind, we are required to consider only reason number seven of the trial judge's stated reasons for sustaining appellee's motion for a new trial.

The seventh reason as stated by the trial judge is as follows:

"7. The court erred in refusing to grant the motion of the defendant for judgment on the answers to interrogatories, which were returned by the jury with their general verdict."

Interrogatories numbers nine and thirteen as propounded to the jury were as follows:

"Number 9. Question: Was the plaintiff's decedent, Wolodimir Petrenko, in operating his bicycle prior to the collision exercising such care, caution and prudence as persons of ordinary prudence do exercise under like circumstances?

Answer: No."

"Number 13. Question: Did the defendant, Norman L. Lothamer, operate his motor vehicle toward and up to the place of collision with the care that an ordinarily prudent person would have used under the same or similar circumstances?

Answer: Yes."

In view of this apparent irreconcilable conflict between the general verdict and the answers to the interrogatories this court is of the opinion that the trial judge, in granting a motion for a new trial, did not abuse his discretion; that no injustice has been done the appellant; and that a strong case for relief from the trial court's ordering a new trial has not been made by the appellant. The trial court was not in error in sustaining the motion for a new trial.

The issue raised by the cross-appellant in his assignment of cross-errors is whether or not the trial court erred in re-

fusing to enter a judgment on the answers to the interrogatories.

If the answers to interrogatories are in irreconcilable conflict with the general verdict then the trial court is, by law, required to enter a judgment on the answers to the interrogatories, the general verdict notwithstanding. See, Burns Ind. Stat. 2-2023, which provides as follows:

"When the special finding of facts is inconsistent with the general verdict, *the former shall control the latter, and the court shall give judgment accordingly."* (emphasis supplied)

In determining whether the answers to the interrogatories are in irreconcilable conflict with the general verdict, the reviewing court will consider *only the pleadings generally, the general verdict, the interrogatories, and the answers to such interrogatories. Denham, et al.* v. *Degymas, et al.* (1957), 237 Ind. 666, 147 N. E. (2d) 214. (citing cases)

The pleadings consisted of an amended complaint filed by the appellant (cross-appellee) which in substance alleged that the decedent was operating his bicycle upon a public highway; that the automobile driven by the appellee (cross-appellant) struck the appellant's adult son thereby causing his death; and asserting that the proximate cause of the wrongful death was certain acts of negligence on the part of the appellee. Appellee (cross-appellant) filed an answer in three paragraphs, the second of which, in substance, alleged that the death of the appellant's deceased adult son was proximately caused by the deceased's own acts of negligence.

It is well settled in this jurisdiction that if a fact is found by answers to interrogatories that precludes any recovery, the special findings control the general verdict. *Van Hook* v. *Young* (1902), 29 Ind. App. 471, 64 N. E. 670.

It has likewise been held that where the answers to the interrogatories find that the injured party is guilty of contributory negligence which is the proximate cause of sustained injury, the plaintiff cannot recover. *Morford* v. *Chicago I. & L. R. Co.* (1902), 158 Ind. 494, 63 N. E. 857.

It appears that the jury, in answering interrogatory number thirteen, specifically found that the appellee (cross-appellant) was not guilty of any acts of negligence as charged in the complaint, which were the proximate cause of the injuries complained of; that the jury, in answering interrogatory number nine, specifically found that appellant's (cross-appellee) adult son was not exercising such care, caution and prudence in the operation of his bicycle as persons of ordinary prudence do exercise under like circumstances and therefore was guilty of contributory negligence; and that the answers to these two interrogatories are in irreconcilable conflict with the general verdict and are not in conflict with the answers to other interrogatories.

Because of this irreconcilable conflict, it is the opinion of this court that a consideration of other issues raised by the appellant (cross-appellee) and by the appellee (cross-appellant) is not necessary.

The appellant, plaintiff below, having failed to demonstrate any error on the part of the trial court in sustaining the motion for a new trial on the grounds set forth in specification number 7 of the trial court's reasons for sustaining the motion for a new trial, and this Court having found no error in such ruling, the judgment of the trial court ordering a new trial is hereby affirmed.

However, the question of the granting of a new trial is now moot since this Court is of the opinion that judgment should be entered for the cross-appellant, defendant below, on the answers to the interrogatories, the general verdict notwithstanding. Therefore, this cause is now re-

manded to the trial court with instructions to enter a final judgment in favor of the cross-appellant, defendant below, on the answers to the interrogatories, the general verdict notwithstanding.

Reversed with instructions.

Bierly, P. J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 192.