## MOTT V. CLAY B/N/F CLAY.

[No. 20,400. Filed April 21, 1967. Rehearing denied May 18, 1967. Transfer denied July 20, 1967.]

*Frederick F. Eichhorn, Jr.* and *Lawyer, Schroer & Eichhorn,* both of Hammond, for appellant.

*Chudom & Chudom* and *George & Kinney,* both of Gary, for appellee.

PRIME, J.—Action by Esther Clay by her next friend June Clay, against William H. Mott, a physician, for negligence.

On September 5, 1961, the plaintiff, a three year old girl, sustained a fracture of the right femur in a fall at her home. She was taken to St. Mary Mercy Hospital in Gary, Indiana where the defendant physician was called to treat her.

The doctor put the patient in a form of traction called Bryant's Bilateral Traction. In this treatment both of the patient's legs are put in traction. The legs are bound and while the patient lies on the back, both legs are raised to a perpendicular position and held there with pulleys and weights.

The facts show that on the 10th of September, 1961, which was the 6th hospital day, complications had developed in the left leg. The foot and toes had become cold, circulation was impaired and infection developed.

The facts further showed that the doctor was told of the apparent trouble and came to the hospital. The leg was taken down from traction and the wrappings removed. It appears that by this time the leg was seriously damaged and it was alleged by the plaintiff in her complaint that the leg was shrunken in size, shorter in length and permanently injured.

The cause was tried to a jury and a verdict rendered in favor of the defendant physician.

A new trial was prayed for by the plaintiff and this was granted by the court in the following language.

"The Court having heretofore examined the motion of the plaintiff for new trial of this action and having heard oral arguments thereon and having had said cause under advisement for ruling, the Court now being fully advised in the premises exercises its prerogative as the 13th juror and sustains plaintiff's motion for New Trial and finds that under specification No. 1 of the motion for new trial the Court after weighing all of the evidence is of the opinion

that the verdict of the jury is against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiff and against the defendant. The Court now grants plaintiff New Trial."

The defendant appeals from this granting of a new trial and the same is assigned as error.

Our task, on an appeal of such action, is to determine if the trial court acted properly or if he exceeded his authority or acted contrary to the evidence.

This court has previously set out the law and guidelines to be followed by a trial court in considering motions for a new trial.

1. Whether or not substantial justice has been done.
2. Conflicting evidence must be weighed.
3. If in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. *Bailey* v. *Kain* (1963) 135 Ind. App. 657, 192 N. E. 2d 486.

In reviewing a trial court's ruling sustaining a motion for new trial if, in the opinion of the court, any one of the stated reasons set forth by the trial judge can be sustained by the law and the evidence of the case, this court is legally bound to affirm the decision of the trial court. *Petrenko* v. *Lothamer* (1965), 138 Ind. App. 561, 205 N. E. 192, 194, and cases cited therein.

We have considered the evidence in this case and we believe that the trial court was justified in granting a new trial.

There was considerable evidence tending to show the possibility of negligence on the part of the defendant. At one point the defendant himself stated:

". . . It is possible that by putting a child the age of Esther Clay into Bryant Traction with knee fully extended with five pounds of weight pulled on the traction apparatus then in so doing you put a stress on the popliteal muscle and artery and, in fact, cause so much strain you hyperestend her left knee. To my knowledge anything can occur in the practice of medicine-in medical science."

The record contains many other statements by expert witnesses that would indicate the possibility of negligence on the part of the defendant.

The trial court presumably weighed the evidence and decided that the preponderance was against the verdict.

We will not say that this action of the court in sustaining the motion for a new trial was an abuse of its judicial discretion, nor can we say that a flagrant injustice was done.

We support the action of the trial court and affirm the judgment.

Judgment affirmed.

Cooper, C. J., Carson, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 225 N. E. 2d 185.