Freda Joan DUTCHER, Administrator of the Estate of Mitchell Dutcher, Appellee and Cross-Appellant,

v.

Thomas W. LEWIS, Appellant and Cross-Appellee.

No. 56300.

Supreme Court of Iowa.

Sept. 18, 1974.

Connolly, Connolly & Bray, Council Bluffs, for appellant and cross-appellee.

Davidson & Hemphill, Clarinda, for appellee and cross-appellant.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

MASON, Justice.

Freda Dutcher, as administrator of the estate of her husband, Mitchell, brought a law action to recover for his death which resulted from a one-car accident which occurred while he was riding as a guest in a vehicle owned and being operated by defendant, Thomas Lewis.

At the close of all evidence plaintiff moved for a directed verdict asserting her evidence had established a prima facie case of liability and defendant's defenses were without merit and failed to state a proper defense on the pleadings as well as the evidence. Defendant made no motions at this stage of the trial.

A jury answered three special interrogatories which found defendant was under the influence of alcoholic beverage; was operating his vehicle in a reckless manner; and plaintiff's decedent assumed the risk.

The jury returned a plaintiff's verdict for $20,000 but by separate statement attached to the verdict form stipulated the amount was to be placed in trust to provide for the education of decedent's infant son.

Defendant appeals and plaintiff cross-appeals from the trial court's ruling sustaining defendant's motion for a new trial.

Plaintiff in her petition alleged decedent was a passenger in a 1969 Corvette Stingray owned and operated by defendant in the early morning hours of July 12, 1969. Plaintiff also alleged defendant operated the car in a reckless manner with willful and utter disregard for the safety of others in seven distinct particulars. In paragraph 8 she alleged defendant at the time and place of the accident was under the influence of alcoholic beverage or other drugs or a combination of both.

Defendant in answer alleged decedent was riding as a guest and was himself negligent and reckless in various particulars. He also alleged assumption of risk as an affirmative defense.

The record discloses the facts surrounding the accident. Lewis met Dutcher about 9:30 p. m. at a pool hall in Shenandoah and the two played several games of pool. About 11 o'clock defendant purchased a six-pack of beer; they then went to defendant's apartment where each drank two cans. Because it was a very hot evening and defendant's apartment was not air-conditioned, they left and decided to drive to Clarinda; decedent asked to go along and defendant let him. They stayed in Clarinda for only a short time, returned to Shenandoah and eventually stopped at Jerry's Tavern about 1:30 a. m. Having left the remainder of the first six-pack at the apartment, defendant purchased a second six-pack at this time. Plaintiff's decedent gave defendant approximately 75 cents, the cost of beer he had earlier consumed. Again they returned to the apartment and this time consumed one can apiece.

The apartment was still uncomfortable, so taking a single beer apiece they left and drove to Northboro to see a friend, Harry Clark. They visited with Clark briefly and then left. The accident occurred a short distance outside Northboro near a series of fairly sharp curves. At least by the time they left Northboro decedent had fallen asleep in the car.

Officer Davidson arrived at the scene shortly after the accident and examined the site. He testified the car left the asphalt pavement and traveled 297 feet in the ditch before hitting a farm field driveway at which time the car was propelled into the air for approximately 60 feet. When the car came down it continued on for an-

other 78 feet before finally coming to rest. Davidson stated the fiberglass body of the Stingray "just exploded" when it hit the roadway and came back down.

Witnesses Clark, Davidson and Redinger testified defendant was under the influence of alcoholic beverage at the time of the accident. Defendant later pled guilty to the charge of reckless driving.

After judgment was entered defendant moved for judgment notwithstanding the general verdict or, in the alternative, for a new trial. The motion alleged the answer to the special interrogatories voided the general verdict or that due to the irreconcilable conflict the special findings control. It also stated the answers to the special interrogatories overcame the general verdict and therefore defendant was entitled to judgment.

Plaintiff then moved the court to sustain the general verdict and overrule defendant's motion. In the alternative plaintiff sought a new trial. As stated, the trial court sustained defendant's request for new trial after finding the jury's answers to the interrogatories on assumption of risk inconsistent with the verdict of the jury. Defendant's motion was otherwise denied. The record does not contain any ruling by the trial court on plaintiff's motion.

The issue presented for review on defendant's appeal is whether the trial court erred in denying his motion for judgment notwithstanding the general verdict.

Plaintiff's cross-appeal presents the issue whether the trial court erred in submitting the interrogatory on assumption of risk to the jury and whether the trial court erred in not allowing the general verdict to stand.

I. Plaintiff contends on appeal the trial court should not have submitted the interrogatory on assumption of risk since the evidence was insufficient to warrant submission of that issue. She particularly maintains there was not substantial evi-

dence which would justify a jury in finding decedent assumed the risk of both intoxication and recklessness; that defendant failed to introduce any evidence tending to establish the fact decedent was aware of defendant's reckless driving or that decedent had an alternative of subjecting or not subjecting himself to the risk, both of which she contends are essential elements of this affirmative defense and must be proven by substantial evidence.

The record discloses that in the trial court plaintiff's objection to the proposed instruction was directed to instruction 10 on assumption of risk and to instruction 18 dealing with interrogatories. We quote from the record:

"* * * Plaintiff * * * excepted and objected to the instructions including the interrogatories, and moved to strike the interrogatories for the reason there is no allegation in any of the pleadings that the Plaintiff's decedent was under the influence of intoxicating beverages and this is not under consideration by this court."

The objections were overruled.

Plaintiff urged as a basis for new trial, "That there is no evidence of assumption of risk and since there is no such evidence, the interrogatory on that subject is not supported by the evidence."

█ The grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post-verdict motion amplify or add new grounds as an attack on instructions. State v. Buchanan, 207 N.W.2d 784, 787 (Iowa 1973). The reason for the rule is stated in this fashion in the cited case: "* * * It avails a trial court nothing for a defendant to save part of his exceptions for a motion for new trial, when the court can no longer change its instructions before reading them to the jury."

Plaintiff's objection set out, supra, specifically referred to defendant's failure to plead plaintiff's decedent was under the in-

fluence of intoxicating beverages. It clearly did not point to a lack of evidence presented by defendant on the pleaded defense of assumption of risk which is the argument urged in motion for new trial and now on appeal. Plaintiff's objection here is not that the interrogatory was improper in form, Main v. Sheston-Luxor Cab Co., 249 Iowa 973, 977, 89 N.W.2d 865, 867, or not germane to the issues presented to the jury, Dezsi v. Mutual Benefit Health, etc., Assn., 255 Iowa 1027, 1037, 125 N.W.2d 219, 224–225, but because it had no support in the evidence. See also Berghammer v. Smith, 185 N.W.2d 226, 235–236 (Iowa 1971), and authorities cited. In effect plaintiff argues she was entitled to a ruling as a matter of law on the issue of assumption of risk.

Since this trial took place in January 1972, rule 196, Rules of Civil Procedure, prior to its amendment by the 1973 Regular Session of the Sixty-fifth General Assembly, chapter 316, is applicable. It provides in pertinent part:

" * * * Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, * * *, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."

■ In determining the sufficiency of an objection to an instruction in order to preserve error the test is whether the exception taken alerted the trial court to the error which is urged on appeal. Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 25 (Iowa 1973); Froman v. Perrin, 213 N.W.2d 684, 689–690 (Iowa 1973); and State v. Baskin, 220 N.W.2d 882, division II, (Iowa 1974).

As pointed out, plaintiff's objection to the proposed instructions urged failure to raise an issue by the pleadings whereas on cross-appeal she asserts the evidence was insufficient to justify submission of the issue raised by defendant's specially pleaded affirmative defense.

■ It cannot be logically argued plaintiff's objection to the proposed instructions alerted the trial court to the question she now attempts to present for review in this court. The alleged error asserted in the assignment not having been properly preserved in the trial court presents nothing for review in this court.

Plaintiff also argues in her appeal the trial court erred in not allowing the general verdict to stand. This argument apparently is used as a basis for reversal in her appeal but is also asserted as a defense to defendant's appeal. The question will be discussed in considering defendant's appeal.

II. Defendant first contends he is entitled to judgment in accordance with the answers to the special interrogatories and notwithstanding the general verdict. In response plaintiff argues the answers to the interrogatories and the jury verdict are not irreconcilable and therefore the general verdict should stand; in the alternative that if they are irreconcilable defendant should only be allowed a new trial and not judgment.

Before reaching the foregoing arguments plaintiff's contention defendant is barred from seeking a judgment notwithstanding the verdict for failure to move for directed verdict will be considered. Rule 243, R.C.P., provides in part:

" * * *

"(b) If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the court may then either grant a new trial or enter judgment as though it had directed verdict for the movant."

■ The purpose of the quoted portion of this rule is to afford the trial court an opportunity to correct its error in failing to sustain a motion for directed verdict where the movant was entitled to a direct-

ed verdict at the close of all evidence and moved therefor and the jury did not return such verdict. Friedman v. Colonial Oil Co., 236 Iowa 140, 145, 18 N.W.2d 196, 199; Comer v. Burns, 255 Iowa 251, 255–256, 122 N.W.2d 305, 308–309; Miller v. Young, 168 N.W.2d 45, 50 (Iowa 1969); and Dobson v. Jewell, 189 N.W.2d 547, 555 (Iowa 1971).

■ A motion for judgment notwithstanding the verdict cannot be sustained on any ground not asserted in an earlier motion for directed verdict. Friedman v. Colonial Oil Co., 236 Iowa at 145, 18 N.W.2d at 199; Sullivan v. First Presbyterian Church, 260 Iowa 1373, 1376, 152 N.W.2d 628, 631; and Miller v. Young, 168 N.W. 2d at 50.

A fair implication from the foregoing authorities is that a motion for a directed verdict is a condition precedent to a motion for judgment notwithstanding the verdict.

There is authority from other jurisdictions based on their particular rule or statute for the proposition a motion for judgment notwithstanding the verdict must be preceded by a motion for a directed verdict. See Kingsford Chemical Company v. City of Kingsford, 347 Mich. 91, 78 N.W. 2d 587, 597; Fitzgerald v. Bixler, 350 Mich. 688, 87 N.W.2d 174, 175; Gardner v. Batsakes, 13 Mich.App. 454, 164 N.W.2d 707, 708; Krocak v. Krocak, 189 Minn. 346, 249 N.W. 671; Hatley v. Klingsheim, 236 Minn. 370, 53 N.W.2d 123, 126; In Re Kinsey's Estate, 152 Neb. 95, 40 N.W.2d 526, 529–530; Pahl v. Sprague, 152 Neb. 681, 42 N.W.2d 367, 370; Springer v. Henthorn, 169 Neb. 578, 100 N.W.2d 521, 524; Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456, 463; Westerso v. City of Williston, 77 N. D. 251, 42 N.W.2d 429, 433; Haga v. Cook, 145 N.W.2d 888, 891 (N.D.1966); Sobolik v. Vavrowsky, 146 N.W.2d 761, 764 (N.D.1966); Parham v. Dell Rapids Township in Minnehaha County, 80 S.D. 281, 122 N.W.2d 548, 550–551.

To require a prior motion for directed verdict is reasonable when the purpose of a motion for judgment notwithstanding the verdict under rule 243(b), as previously stated, is kept in mind.

But, defendant insists he does not seek a judgment n. o. v. within the meaning of rule 243(b), R.C.P.

Therefore, the question- is whether the stated purpose of rule 243(b) is relevant when a court is faced with a motion for judgment appropriate to the answers of special interrogatories notwithstanding the general verdict.

A well-reasoned theory maintains a judgment notwithstanding the verdict is not the same as a judgment based upon special interrogatories.

"A judgment non obstante veredicto may be rendered where the application of legal principles to facts conclusively established by the pleadings or judicially admitted shows that the party against whom the verdict was rendered is entitled to judgment * * *.

" * * *

"A judgment entered contrary to a general verdict as the result of application of principles of law to a special verdict or to answers to interrogatories returned in connection with a general verdict is not a judgment non obstante veredicto but is one entered upon the verdict as the result of giving controlling weight to the special finding of facts made by the jury rather than to the conclusions embodied in the general verdict." Gesualdi v. Connecticut Co., 131 Conn. 622, 41 A.2d 771, 773–774.

The opinion in Oklahoma Gas & Electric Co. v. Busha, 179 Okl. 505, 66 P.2d 64, 67, quotes this statement from 33 C.J., p. 1187: "A motion for a judgment on the special finding of the facts, notwithstanding the general verdict, has no reference whatever to the pleadings in the cause, and proceeds upon the theory that the special finding of facts by the jury is so inconsistent with

their general verdict that the former should control the latter and the court should give judgment accordingly."

In a more recent case, Dover v. Smith, 385 P.2d 287, 288 (Okl.1963), the Oklahoma court distinguishes the two types of motions for judgment notwithstanding the verdict by stating a trial court is without jurisdiction to enter a judgment notwithstanding the verdict unless: (1) the movant would be entitled to a judgment on the pleadings; *or* (2) the jury has returned special findings of fact contrary to the general verdict.

The Kansas court, in dealing with an interrogatory statute which had no express provision for a motion for judgment on the special findings, held such a motion proper to obtain an order of the court. Armourdale State Bank v. Homeland Ins. Co. of America, 134 Kan. 245, 5 P.2d 786, 788.

The court in Fitzgerald v. Bixler, 350 Mich. at 691, 87 N.W.2d at 175, stated one of the two exceptions to the general requirement of a motion for a directed verdict before a motion for judgment notwithstanding may be granted is where the general verdict is inconsistent with the special findings of the jury. (Citing a comment to the Michigan Court Rules).

The distinction between plaintiff's contention and defendant's position is well pointed out in this statement from 49 C.J. S. Judgments, § 60e:

"A judgment on the special findings of the jury, but against their general verdict, is not really a judgment non obstante veredicto, although often inaccurately so called. A motion for judgment non obstante veredicto is a motion for judgment on the pleadings without regard to the verdict; but a motion for a judgment on the special finding of the facts, notwithstanding the general verdict, has no reference whatever to the pleadings in the cause, and proceeds on the theory that the special finding of facts by the jury is so inconsistent with their general verdict that the former

should control the latter and the court should give judgment accordingly."

This distinction is logical, since the opportunity for a motion for a judgment notwithstanding the verdict based on facts well pleaded should become evident to an attorney before a verdict is tendered. A court should be alerted to this before a jury verdict by a motion for directed verdict. On the other hand, it would be impossible to apprise a trial court of the inconsistency of answers to interrogatories with the general verdict before both are tendered by the jury. In the latter situation, a motion for judgment on the interrogatories notwithstanding the general verdict would be the only method through which to remedy the problem.

No authority, state or federal, requiring a motion for directed verdict as a procedural prerequisite for judgment notwithstanding the general verdict allowable under a rule such as rule 206, R.C.P., has been called to our attention.

■ We now hold a motion for a directed verdict is not a condition precedent to the granting of a motion for judgment appropriate to the answers to interrogatories notwithstanding the general verdict.

This brings us to the question whether the answer to the third interrogatory is inconsistent and irreconcilable with the general verdict.

■ All reasonable presumptions are in favor of the general verdict. Fischer v. Hawkeye Stages, 240 Iowa 1203, 1206–1207, 37 N.W.2d 284, 286–287; Presthus v. Western Mutual Ins. Co., 257 Iowa 1035, 1037, 135 N.W.2d 549, 550–551; Berghammer v. Smith, 185 N.W.2d at 234. It is well settled, however, that when there is an irreconcilable conflict between the general verdict and special findings the latter must prevail and the general verdict cannot stand. Presthus v. Western Mutual Ins. Co., 257 Iowa at 1037, 135 N.W.2d at 550–551 and Berghammer v. Smith, 185 N.W.2d at 234.

■ The defense of assumption of risk was asserted by defendant in answer. Assertion of this defense is common in situations involving a drinking driver and a guest passenger. See Bessman v. Harding, 176 N.W.2d 129 (Iowa 1970) and Wold v. Lacey, 182 N.W.2d 130 (Iowa 1970). Assumption of risk is an affirmative defense and the burden rests on defendant to establish it. King v. Barrett, 185 N.W.2d 210, 213 (Iowa 1971).

■ By answering "yes" to the third interrogatory the jury found plaintiff's decedent had assumed the risk of injury. In such circumstances plaintiff is barred from recovery. But, in disregard of such finding, the jury rendered a general verdict for plaintiff. Clearly, the special finding and general verdict are irreconcilable even giving all reasonable presumptions to the general verdict. Plaintiff's argument to the contrary has no merit.

Defendant argues he is entitled to a judgment. Rule 206, R.C.P., provides:

"The jury in any case in which it renders a general verdict may be required by the court, * * * to find specially upon any particular questions of fact * * *. The instructions shall be such as will enable the jury to answer the interrogatories and return the verdict. If both are harmonious, the court shall order the appropriate judgment. If the answers are consistent with each other, but any is inconsistent with the general verdict, the court may order judgment appropriate to the answers notwithstanding the verdict, or a new trial, or send the jury back for further deliberation. If the answers are inconsistent with each other, and any is inconsistent with the verdict, the court shall not order judgment, but either send the jury back or order a new trial."

■ The trial court has three alternatives where the answers are consistent with each other but inconsistent with the general verdict: (1) order judgment appropriate to the answers notwithstanding the verdict; (2) order a new trial; or (3) send the jury back for further deliberations. Ordinarily, it is discretionary with the court as to which of these alternatives to choose.

Consequently, error can be predicated only on an abuse of discretion by the trial court in granting a new trial rather than judgment notwithstanding the general verdict.

In cases arising under rule 49(b) of the Federal Rules of Civil Procedure which is similar to our rule 206 it has been said the trial court's discretion must be examined in light of circumstances under which the inconsistency has arisen. Phillips Chemical Company v. Hulbert, 301 F.2d 747, 751 (5 Cir. 1962); Wright & Miller, 9 Federal Practice & Procedure: Civil section 2513, p. 526. The evidence is an important factor to be considered by the court in choosing one of the three alternatives. See Elston v. Morgan, 440 F.2d 47, 49 (7 Cir. 1971).

Granting a new trial is a permissible alternative here under rule 206 and the court generally has broad but not unlimited discretion in ruling upon a motion for new trial. Rule 344(f)(3), R.C.P., provides: "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties."

Rule 344(f)(4), R.C.P., states: "The court is slower to interfere with the grant of a new trial than its denial."

Defendant maintains he is entitled to a judgment consistent with the jury's findings, particularly where such findings bar the plaintiff from recovery. His cited cases on the issue, Kirby v. Swedberg, 117 Ill.App.2d 217, 253 N.E.2d 699, 701–702; Petrenko v. Lothamer, 138 Ind.App. 561, 205 N.E.2d 192, 194–195; and Golden North Airways v. Tanana Publishing Company, 218 F.2d 612, 618, 15 Alaska 303 (9 Cir. 1954), are neither persuasive or controlling, however, because all involved state statutes requiring judgment in accordance

with special findings where such conflicted with the general verdict. Under the Iowa rule the trial court has a choice.

In the case before us the ruling of the trial court in the exercise of its discretion that a new trial should be granted rather than entry of judgment notwithstanding the general verdict cannot be held erroneous.

On both appeals the case is therefore Affirmed and remanded for a new trial on all issues.