# IN THE COURT OF APPEALS OF IOWA

No. 19-0967
Filed October 21, 2020

**JEFFREY ROBERT BEHLE,**
     Plaintiff-Appellant/Cross-Appellee,

**vs.**

**ABBIE LYNN YOUNGWIRTH and JOSEPH YOUNGWIRTH,**
     Defendants-Appellees/Cross-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        Jeffrey Behle appeals from the denial of his motion for new trial in this personal injury case. **REVERSED AND REMANDED.**


        Matt J. Reilly of Trial Lawyers for Justice, Decorah, for appellant.

        Rene C. Lapierre and Brian L. Yung of Klass Law Firm, L.L.P., Sioux City, for appellees.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

In this personal injury case, the jury answered "Yes" to the question: "Was the fault of Abbie Youngwirth a cause of any item of damage to Jeffery Behle?" The jury assessed each party with 50% fault. It entered "$0" for each item of damage listed on the verdict form. Behle moved for a new trial asserting the verdict was inadequate and inconsistent. The district court denied the motion, and Behle appealed. Finding the verdict inconsistent, we reverse and remand for a new trial on damages only.

In October 2015, as he was driving on an on-ramp to I-235 in Des Moines, Behle was struck from behind by a SUV driven by Youngwirth. Behle said he was "fine" at the scene and declined an ambulance. After he got home, he and his wife went to the emergency room for Behle to be examined. The records show Behle had back pain and headaches, but other findings were normal. He sought more medical care five days later and received physical therapy and other treatment after that.

Behle filed his negligence suit against Youngwirth,[1] and the matter was tried to a jury in April 2019. Liability and damages were hotly contested. Behle requested damages for past and future loss of function and past and future pain and suffering. No claim was submitted for property damage or medical expenses. The case was submitted to the jury on the fifth day of trial. The parties agreed to

---

[1] Behle also named Joseph Youngwirth as a defendant. Joseph is Abbie's father and was owner of the SUV Abbie was driving at the time of the collision. *See* Iowa Code § 321.493(2)(a) (2015) ("[W]here damage is done by any motor vehicle by reason of negligence of the driver, and driven with consent of the owner, the owner of the motor vehicle shall be liable for such damage.").

a sealed verdict.[2] During deliberations the jury sent a question to the judge: "If we find both parties 50/50 do we need to decide on a dollar amount?" The judge answered: "This question is answered by the jury instructions. Please re-read the instructions on this case." Later that afternoon the jury returned its verdict with the following verdict form:

> 1. Was Abbie Youngwirth at fault?
> Answer "yes" or "no."
> ANSWER: Yes
> [If your answer is "no," do not answer any further questions.]
> 2. Was the fault of Abbie Youngwirth a cause of any item of damage to Jeffrey Behle?
> Answer "yes" or "no."
> ANSWER: Yes
> [If your answer is "no," do not answer any further questions.]
> 3. Was Jeffrey Behle at fault?
> Answer "yes" or "no."
> ANSWER: Yes
> [If your answer is "no," proceed to enter 100% for the defendant in Question No. 5 and then proceed to Question No. 6.]
> 4. Was Jeffrey Behle's fault a cause of any damage to himself?
> Answer "yes" or "no."
> ANSWER: Yes
> [If your answer is "yes," proceed to Question No. 5. If your answer is "no," proceed to Question No. 6 and enter 0 for Jeffrey Behle in Question No. 5.]
> 5. Using 100% as the total combined fault of Jeffrey Behle and Abbie Youngwirth which was a cause of Jeffrey Behle's damage, what percentage of such combined fault do you assign to Jeffrey Behle and what percentage of such combined fault do you assign to Abbie Youngwith?
> ANSWER: Jeffrey Behle ____50____%
> Abbie Youngwirth ____50____%
> TOTAL          100%

---

[2] "When parties agree to a sealed verdict, they lose their right to have a verdict returned in open court where inquiry can be made into its findings." *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 610 (Iowa 2006) (citing Iowa R. Civ. P. 1.931). As a result, "it is not possible to use additional deliberations as a remedy for an inconsistency in a verdict when a sealed verdict is used in a case." *Id.*

[If you find Jeffrey Behle to be more than 50% at fault, do not answer Question No. 6.]

6. State the amount of damages sustained by Jeffrey Behle by Abbie Youngwirth's fault as to each of the following items of damage. Do not take into consideration any reduction of damages due to Jeffrey Behle's fault. If Jeffrey Behle has failed to prove any item of damage, or has failed to prove that any item of damage was caused by Abbie Youngwirth's fault, enter 0 for that item.

| | |
|---|---|
| 1. Past loss of function | $ 0 |
| 2. Future loss of function | $ 0 |
| 3. Past pain and suffering | $ 0 |
| 4. Future pain and suffering | $ 0 |
| TOTAL (add the separate items of damage) | $ 0 |

Judgment was entered in favor of the defendants.

Behle moved for a new trial asserting the verdict was, among other things, flagrantly inadequate and logically and legally inconsistent. The district court denied the motion. It found:

> In this case, after finding both the Plaintiff and Defendant Abbie Youngwirth equally responsible for the motor vehicle collisions, the jury could have reasonably determined that the Plaintiff either was not injured based on his statements denying injury at the scene, or that his injuries were relatively minor and did not result in a recoverable loss of function or pain and suffering. There was controverted evidence regarding the extent of the Plaintiff's claimed injuries. For example, the Plaintiff's wife testified the Plaintiff purchased a boat and enjoyed being out on a lake on sunny days, directly controverting his own testimony regarding his photophobia. The Plaintiff claimed he had ongoing headaches, but also testified has been able to keep employed on a full time basis. This evidence would support a finding the Plaintiff did not suffer a loss of function.
> The Plaintiff also claims there was uncontroverted testimony that the Plaintiff suffered pain; however, evidence of pain stemmed from the Plaintiff's own complaints. The jury could have reasonably concluded the Plaintiff was exaggerating his symptoms.
> In short, there was evidentiary support for the damages verdict in this case.

Behle then moved the court to reconsider, enlarge, and amend its ruling. *See* Iowa R. Civ. P. 1.904(3). He asserted the court failed to address his argument that the verdict was logically and legally inconsistent. The court denied the motion finding:

As the Court has found, it is logical the jury believed Abbie Youngwirth [was] fifty percent liable for the automobile accident and still award no damages to the Plaintiff. There was no dispute the automobile accident had occurred and there was no claim for property damages. There was a dispute, however, on whether the Plaintiff was actually injured and it possible the jury did not find the Plaintiff's witnesses credible with regard to whether those injuries occurred.

Behle now appeals. In view of our disposition of this appeal, we need only review Behle's inconsistency claim.

"We review the denial of a motion for new trial based on the grounds asserted in the motion." *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). If a motion turns on a legal question, such as whether a verdict is inconsistent, we review for correction of errors at law. *Pavone v. Kirke*, 801 N.W.2d 477, 496 (Iowa 2011).

In evaluating whether a verdict is inconsistent, we consider whether it "can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court." *Hoffman v. Nat'l Med. Enters., Inc.,* 442 N.W.2d 123, 126-27 (Iowa 1989). If it cannot be reconciled because it is so logically and legally inconsistent, the verdict will be set aside. *Id.* at 127.

After finding Youngwirth at fault, the jury answered "Yes" to Question No. 2: "Was the fault of Abbie Youngwirth a cause of any item of damage to Jeffrey Behle?" The only items of damage submitted to the jury were Behle's past loss of function, future loss of function, past pain and suffering, and future pain and suffering. Despite finding that Youngworth's fault was a cause of some item of damage to Behle, the jury still entered "$0" for each item of damage listed on the

verdict form. It is illogical and inconsistent for the jury to find Youngwirth's fault caused damage to Behle and then award nothing for that damage. Had the jury concluded Behle was not injured in the collision and suffered no damages resulting from Youngwirth's fault, then it would and should have answered Question No. 2 "No." It did not.

Youngwirth argues, "Given that Behle did not request property damage, the instructions as given could fairly be read to mean there could be some damage caused by the accident but not for anything for which Behle was entitled to recover." We disagree. To be sure, Youngwirth may have caused damages for which Behle could not recover or did not ask for, such as the property damage to the car he was driving.[3] But the instructions given limit damages to the damages claimed. Instruction 24 stated, in part, "In comparing fault, you should consider all of the surrounding circumstances as shown by the evidence, together with the conduct of Jeffrey Behle and Abbie Youngwirth and the extent of the causal relation between their conduct and the *damages claimed*." (Emphasis added). Instruction 26 stated, in part, "Abbie Youngwirth's conduct must have in fact caused Jeffrey Behle's *claimed damages*. To recover for damages, Jeffery Behle must prove that the damages would not have occurred but for Abbie Youngwirth's negligence." (Emphasis added). The only items of damage the jury was allowed to consider were past and future pain and suffering and past and future loss of mind and body. And those were the only items of damage listed on the verdict form.

---

[3] The testimony shows the car was Behle's wife's car.

Finding that Youngwirth's negligence caused some item of damage claimed by Behle but making *no* award for that item of damage is illogical and irreconcilable. As Behle aptly notes in his brief, "Had the jury awarded $1000.00, there would likely be no appeal here."

Because we cannot reconcile the jury's special findings, we must reverse its verdict as to damages. In view of this disposition, we need not consider Behle's argument that the verdict was flagrantly inadequate, failed to substantiate substantial justice, and lacked evidentiary support. Behle does not challenge the jury's liability findings. We affirm its verdict as to liability. *See Thompson v. Allen,* 503 N.W.2d 400, 401-02 (Iowa 1993) (ruling that a new trial was required on the damages issue but not on liability with no evidence that the jury's determination of fault was compromised or affected by the evidence of damages). Thus, we remand to the district court for a new determination of damages.

On cross-appeal, Youngwirth argues the district court abused its discretion in refusing to admit into evidence a petition for relief from domestic abuse filed by Mrs. Behle and an order of protection/temporary protective order against Behle, both filed in 2014. Youngwirth argues "Behle's alleged propensity for violence *after* the accident was utilized to suggest he had suffered a TBI [traumatic brain injury]. As such, his propensity for violence *before* the accident should have been admitted to allow defendants to fully challenge the opinions of Plaintiff's experts and to show the opinions were based at least in part on a faulty premise." Before voir dire, various matters were discussed with the court including admissibility of Youngwirth's proposed domestic abuse evidence. After long discussions, plaintiff's counsel withdrew the report of one of the experts and agreed to redact

portions of his deposition, and agreed to not pursue certain claims. The court ruled the evidence would be conditionally kept out of the trial. From what we can tease from the extensive record, we cannot conclude the district court abused its discretion. Whether the evidence is admissible or not on retrial will depend on the circumstances presented to the court at that time, so we render no opinion on its admissibility.

**REVERSED AND REMANDED.**

Mullins, J., concurs; Greer, J., concurs specially.

**GREER, Judge** (specially concurring).

I concur in the majority opinion but with a few reservations. I agree that the verdict is inconsistent because of our premise that "[i]f a party has suffered personal injury as a result of another's negligence or fault, the injured party is entitled to actual or substantial damages, not nominal damages." *Bryant v. Parr*, 872 N.W.2d 366, 378 (Iowa 2015) (quoting *Cowan v. Flannery*, 461 N.W.2d 155, 158-59 (Iowa 1990)).

Clearly, zero is less than nominal. Juries often take a practical road. And over the five days of trial, this case was tried with competing theories on whether an injury even occurred, whether the accident caused any pain or disability, and if other factors or accidents caused the claimed injuries. Youngwirth emphasized Behle's denial of any injury at the scene, the negative test results at the emergency room when Behle did finally go for treatment and brought special attention to inconsistencies in the descriptions of those injuries. And while I might posit a theory or two to rationalize the verdict here, it would be impermissible speculation. *See Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006) ("When two answers in a verdict are both supported by substantial evidence but are inconsistent under the instructions, a court may not attempt to reconcile the inconsistency and enter a judgment by correcting the inconsistency to conform to the intent of the jury because the two conflicting views of the evidence would necessarily produce some speculation about the intent of the jury."). And while Youngwirth addresses many factual inconsistencies disputing causation, here the jury determined she caused some damage to Behle.

So, Behle should receive some remuneration for whatever damage the jury tied to Youngwirth's negligence. So I agree there must be a new trial on damages.

Where I take issue with the opinion is in the footnote that, quoting *Clinton Physical Therapy*, provides: "it is not possible to use additional deliberations as a remedy for an inconsistency in a verdict when a sealed verdict is used in a case." *Id.* at 610. Now, with technology, the concept of a sealed verdict takes on a new meaning. Where it might have been more difficult to locate trial counsel in days gone by, certainly most can be reached immediately today with the advent of cell phones and email. As noted by our supreme court, an easy option to resolve an inconsistency and avoid a new trial is to follow the admonition that "[t]he trial court should not discharge the jury until it determines the special verdict is consistent and supported by evidence." *Bryant*, 872 N.W.2d at 377 (alteration in original) (citation omitted). While I recognize the district court is in the best position to determine whether to require additional deliberations, with the ability to conference with counsel about accepting the verdict before discharging a jury, perhaps that practice might save the litigants from a new trial. *See Dutcher v. Lewis*, 221 N.W.2d 755, 762 (Iowa 1974). And, our comparative fault statute mandates district court action.[4] Thus, a sealed verdict in today's world does not stand in the way of

---

[4] Iowa Code section 668.3(6) states:

> In an action brought under this chapter and tried to a jury, the court shall not discharge the jury until the court has determined that the verdict or verdicts are consistent with the total damages and percentages of fault, and if inconsistencies exist the court shall do all of the following:
> a. Inform the jury of the inconsistencies.
> b. Order the jury to resume deliberations to correct the inconsistencies.

the use of additional deliberations to address an inconsistent verdict and, in my view, should be a preferred option.

---

c. Instruct the jury that it is at liberty to change any portion or portions of the verdicts to correct the inconsistencies.